# United States Court of Appeals

### For the Eighth Circuit

_____

No. 11-2942

_____

United States of America

*Plaintiff - Appellee*

v.

Raciel Rodriguez-Cruz

*Defendant - Appellant*

_____

No. 11-3436

_____

United States of America

*Plaintiff - Appellee*

v.

Moises Pulido Jauregui,
also known as Manuel Rivera De La Paz

*Defendant - Appellant*

_____

Appeals from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: September 7, 2012
Filed: September 11, 2012
[Unpublished]
_____

BYE, GRUENDER, and BENTON, Circuit Judges.
_____

PER CURIAM.

In these consolidated appeals, Raciel Rodriguez-Cruz and Moises Pulido Jauregui each appeals the sentence imposed by the district court.[1] Each pled guilty to a drug offense and was sentenced to the applicable statutory minimum prison term of 120 months. Each of their attorneys seeks leave to withdraw and has filed a brief under *Anders v. California*, 386 U.S. 738 (1967).

In Rodriguez-Cruz's case, counsel's *Anders* brief (1) suggests that Rodriguez-Cruz did not knowingly and voluntarily enter into an appeal waiver contained in his plea agreement, and (2) raises issues related to Rodriguez-Cruz's sentence. Upon careful review, this court concludes – based on Rodriguez-Cruz's own statements at his change-of-plea hearing – that he knowingly and voluntarily entered into the appeal waiver. *See Nguyen v. United States*, 114 F.3d 699, 703 (8th Cir. 1997) (defendant's statements made during plea hearing are entitled to strong presumption of verity). This court further concludes that the sentencing issues raised by counsel are within the scope of the appeal waiver and that the waiver is enforceable. *See United States v. Andis*, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (discussing enforceability of appeal waivers). Finally, having reviewed the record independently under *Penson v. Ohio*, 488 U.S. 75 (1998), this court finds no nonfrivolous issues outside the scope of the appeal waiver.

_____

[1]The Honorable Patrick J. Schiltz, United States District Judge for the District of Minnesota.

In Jauregui's case, counsel's *Anders* brief challenges the district court's determination that Jauregui was not eligible for safety-valve relief under 18 U.S.C. § 3553(f)(5) and U.S.S.G. § 5C1.2(a).[2] Upon careful review, this court concludes that the district court did not err in determining that Jauregui was ineligible for safety-valve relief. The district court's determination was appropriately based on a finding that in light of Jauregui's changing accounts over time, he had not provided a complete and truthful proffer of information. *See United States v. Sanchez-Gonzalez*, 643 F.3d 626, 630 (8th Cir. 2011) (in making assessment of truthfulness of defendant's prior statements, district court may consider discrepancies between defendant's statements as well as changes in his accounts over time); *see also United States v. Soto*, 448 F.3d 993, 995-96 (8th Cir. 2006) (district court's findings are reviewed for clear error as to completeness and truthfulness of defendant's safety-valve proffer; defendant has burden to prove that he qualified for safety-valve relief). Finally, having conducted an independent *Penson* review, this court finds no nonfrivolous issues.

For the reasons stated, this court grants both attorneys leave to withdraw, dismisses Rodriguez-Cruz's appeal, and affirms the judgment in Jauregui's case.

_____

[2]Jauregui agreed in his written plea agreement to waive his right to appeal his sentence if the district court sentenced him at or below 108 months in prison. Because the court sentenced him to 120 months, the waiver did not become effective.