# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-2896

_____

United States of America

*Plaintiff - Appellee*

v.

Paige Mathison

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Sioux City

_____

Submitted: April 18, 2014
Filed: July 28, 2014

_____

Before LOKEN and MURPHY, Circuit Judges, and SIPPEL,[1] District Judge.

_____

MURPHY, Circuit Judge.

Paige Mathison was convicted by a jury of robbery and conspiracy to commit robbery in violation of 18 U.S.C. § 1951, possession of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(B), and possession of a short

_____

[1]The Honorable Rodney W. Sippel, United States District Judge for the Eastern District of Missouri, sitting by designation.

barreled shotgun in violation of 26 U.S.C. §§ 5845(a), 5861(d), and 5871, following the robbery of a Sarg's Mini Mart in Sioux City, Iowa. The district court[2] sentenced her to 147 months. On this direct appeal she argues that the district court abused its discretion in instructing the jury on her affirmative defense of coercion and that her trial counsel was ineffective. We affirm.

On July 13, 2012, Mathison drove Joshua Fields, Christopher Bailey, and her boyfriend David Johnson around Sioux City, Iowa looking for an institution to rob. In the car they possessed a sawed off shotgun belonging to her brother. The four considered robbing a bank and a gas station, but instead targeted a Sarg's Mini Mart. Mathison drove the others to an alley within two blocks of the store where Fields, Bailey, and Johnson got out. Fields carried the shotgun as the three entered the store and robbed it. Johnson contacted Mathison to pick them up, and she met them at an agreed location. She later returned the shotgun to her brother. She then drove Bailey home and Fields to a Roadway Inn hotel. Fields spent the night in a room Mathison had rented in her name.

Mathison was arrested that night and was interviewed by Detective Troy Hansen. During the interview she acknowledged that she had dropped off the three men at Sarg's and later picked them up and that she was aware Johnson and Fields had her brother's gun with them. She also told Hansen that she knew about an occasion when her coconspirators had planned to rob an area bank and gas station and that some of them had participated in a robbery of a Seoul Foods store the prior month. She maintained that she had not known about the plan to rob Sarg's at the time she had driven the men to and from the store. Mathison pled not guilty to four counts, including robbery, conspiracy to commit robbery, and firearms charges.

---

[2]The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa.

In a pretrial motion related to jury instructions, the government requested that the district court consider adding an instruction on coercion or duress if Mathison were to assert such a defense. Her counsel stated that Mathison had "no objection to the coercion and duress defense instruction suggested by the government," and it was included. In a conference held the morning of trial, the district court asked both parties if they had any additional objection to the jury instructions. None were mentioned. The district court then asked Mathison's counsel if he planned to argue a single defense or alternative defenses (that she had not been aware that she was participating in a robbery or that she had participated under duress). Counsel responded that he was raising both defenses.

At trial government witnesses, including coconspirators Joshua Fields and Christopher Bailey, testified to Mathison's involvement and her knowledge of the plan to rob Sarg's Mini Mart. Detective Troy Hansen also testified about post arrest statements by Mathison. She took the stand in her own defense and claimed that at the time of the robbery she had not known about the plan to rob Sarg's or that her brother's firearm was a sawed off shotgun. She also testified she had been physically abused by codefendant David Johnson, and the defense called two other witnesses who had observed Johnson physically abuse Mathison.

After the close of evidence, the district court observed that there was not sufficient evidence to submit the coercion or duress instruction to the jury. No party had raised the issue, and the court invited any response. Mathison's attorney argued in favor of keeping the instruction, pointing out that Johnson's prior abuse could have justified her belief that she faced immediate harm if she did not comply with his wishes. The district court responded that "there is certainly evidence that he was horribly abusive" and then indicated it would include an instruction on the coercion or duress defense.

In his closing argument to the jury, Mathison's attorney argued that her two defenses were not inconsistent despite appearing to be so "[a]t first blush." The defenses Mathison raised were 1) although she had driven Fields, Bailey, and Johnson to Sarg's Mini Mart, she had not known they would rob the store, and 2) although she knew it was a robbery, she participated under duress due to Johnson's abuse. Defense counsel argued that fear caused her either not to discern what her associates were doing or to participate in the robbery even after learning about it.

The jury convicted Mathison on four counts, and the district court sentenced her to 147 months. Mathison now appeals, arguing that the district court abused its discretion by submitting the coercion or duress instruction to the jury and that her trial counsel rendered ineffective assistance of counsel.

Mathison contests on appeal the jury instruction on her coercion or duress defense, an instruction she herself had requested. In United States v. Mariano, 729 F.3d 874, 881 (8th Cir. 2013), we enforced our circuit rule that "a defendant who requests and receives a jury instruction may not challenge the giving of that instruction on appeal." In Mariano, we explained that our longstanding precedent barring such a review had not been affected by the Supreme Court decision in United States v. Olano, 507 U.S. 725 (1993), because the right to challenge a jury instruction is waivable, and the defendant's request for an instruction is an affirmative waiver of that right. Mariano, 729 F.3d at 881. We further concluded in that case that even if the request for a jury instruction were not a waiver of the right to challenge it, then a court of appeals retains discretion to correct the error under Olano. Id. Our precedent stating that defendants may not appeal errors which they have "invited" reflects a categorical conclusion that we will not exercise our discretion to correct an alleged error in a jury instruction specifically requested by a defendant. Id. at 881–82.

Here, Mathison did not make the initial suggestion to give the jury a coercion or duress instruction but she did request that one be given. After the close of evidence, the district court sua sponte asked whether there was sufficient evidence for this instruction to be given. Mathison's counsel urged the court to give it, and the district court included the coercion or duress instruction. Since Mathison requested such an instruction, she may not now challenge it on appeal. Mariano, 729 F.3d at 881.

Mathison also argues that she received ineffective assistance of counsel. She claims her attorney was constitutionally ineffective under Strickland v. Washington, 466 U.S. 668 (1984), by arguing both the defense that she had not known Fields, Bailey, and Johnson intended to rob Sarg's and the defense that she participated under coercion or duress. She claims that the defenses were mutually exclusive and adds that her counsel was also ineffective for requesting a coercion or duress instruction without sufficient supporting evidence.

We only review ineffective assistance of counsel claims on direct appeal in "exceptional cases." United States v. Sanchez-Gonzalez, 643 F.3d 626, 628 (8th Cir. 2011) (internal quotation marks omitted). Such cases exist "if the relevant factual record has been fully developed," failure to consider the claim would result in a "plain miscarriage of justice," or the alleged error is "readily apparent." Id. at 628–29 (internal quotation marks omitted). Ineffective assistance of counsel claims "are generally best litigated in collateral proceedings, such as an action under 28 U.S.C. § 2255." United States v. Schwarte, 645 F.3d 1022, 1034 (8th Cir. 2011).

We conclude that this is not an exceptional case warranting review of Mathison's ineffective assistance claims on direct appeal. Unlike cases in which we have reached such claims at this stage, the district court here did not conduct a hearing or fully develop a factual record on ineffective assistance. See, e.g., United States v. Hubbard, 638 F.3d 866, 870 (8th Cir. 2011) (reaching ineffective assistance

claim on direct review where district court held post trial evidentiary hearing). Mathison contends that her counsel may have argued conflicting defenses or requested the coercion or duress instruction because he failed to research the issue, but the present record does not contain information on what counsel researched or considered. Requiring Mathison to present her ineffective assistance claim in a later collateral proceeding will likely not result in a miscarriage of justice or allow a readily apparent error to stand, see Sanchez-Gonzalez, 643 F.3d at 628–29.

In sum, Mathison's attempted appeal of the district court's coercion or duress jury instruction fails because she herself requested it and her ineffective assistance claim would more appropriately be raised in a collateral challenge to her conviction where a factual record could be developed. The judgment of the district court is affirmed.

_____