# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-2852

_____

United States of America

*Plaintiff - Appellee*

v.

Gregory Scott Alcala

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Davenport

_____

Submitted: September 18, 2017
Filed: September 28, 2017
[Unpublished]

_____

Before LOKEN, BEAM, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Gregory Scott Alcala appeals his thirty-three month sentence for preparing and presenting false tax returns, wire fraud, and making a bomb threat, arguing that the

district court's[1] sentence was excessive and his attorney rendered ineffective assistance of counsel at sentencing. For the reasons discussed below, we affirm.

## I.     BACKGROUND

In early 2010, Alcala began independently preparing and filing federal tax returns for individual clients out of his home office in Davenport, Iowa. A typical client provided his or her relevant financial information for the tax return, and Alcala prepared the return for the taxpayer, providing a copy to the client taxpayer. He told the client that he had filed the return with the Internal Revenue Service (IRS) on the client's behalf. However, Alcala did not file the version of the tax return that he provided to the client. Rather, without the client's knowledge or consent, Alcala altered the tax return to create a larger tax refund than originally shown, filed the version with the higher refund with the IRS, and directed the excess refund amount to his personal bank account. All of Alcala's clients paid him with cash or check, and none of them authorized him to receive a portion of the refund as compensation. Alcala prepared at least 164 federal tax returns for clients containing fraudulent information between 2009 and 2014.

Also, on December 23, 2013, Badger Mutual Insurance Company, Alcala's home and automobile insurer, notified Alcala that it was cancelling his policies. On December 26, 2013, Alcala called Badger Mutual and stated that he was going to send a bomb to them by the end of the year. Law enforcement executed a search warrant at Alcala's residence in May 2014 and found a laptop, two thumb drives, a desktop computer, various tax return and financial documents, and almost $2,000 in cash. Alcala was arrested on June 16, 2015, for preparing and presenting false tax returns, wire fraud, and making a bomb threat.

---

[1]The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa.

A grand jury charged Alcala with eight counts of preparing and presenting a false tax return, in violation of 26 U.S.C. § 7206(2); one count of wire fraud, in violation of 18 U.S.C. § 1343; one count of aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1); and one count of making a bomb threat, in violation of 18 U.S.C. § 844(e). On February 24, 2016, Alcala pleaded guilty to one count of preparing and presenting a false tax return and the wire fraud and making a bomb threat counts. The parties agreed to "jointly recommend[] that the sentencing judge impose a sentence of at least twenty-seven (27) months' imprisonment." Alcala agreed to pay restitution in the amount of $115,062.53 to the victim taxpayers and the United States Treasury. In exchange, the government agreed to dismiss the remaining counts. At the plea hearing, Alcala speculated that there may be some victims, like close family members, who might not want restitution. Alcala also objected to the restitution amount in his objections to the presentence report (PSR) and in his sentencing memorandum. However, Alcala provided no further information in support of this argument and ultimately agreed to the restitution amount.

At sentencing, the government proposed minor adjustments to the restitution award, increasing the amount of restitution from $115,062.53 to $115,841.84. Alcala agreed to the new restitution amount, and the district court ordered restitution payable to the United States Treasury and the aggrieved taxpayers. Neither party objected to the PSR or the advisory Guidelines range. With an offense level of sixteen and a criminal history category III, Alcala's Guidelines range was twenty-seven to thirty-three months' imprisonment. Alcala's attorney asked for a sentence of twenty-seven months, the lowest he could advocate for under the plea agreement, but further noted that "the Court [could] on its own volition sentence him to less." Alcala also personally apologized to the court for his behavior. The government requested that Alcala be sentenced to thirty-three months' imprisonment, noting that Alcala's crime involved an "extreme . . . breach of trust" that "impacted approximately 80 individuals and at least 164 federal tax returns."

The court "considered all of the factors under Section 3553(a)," including Alcala's "very serious mental health issues." Ultimately, because of the seriousness of the offense, the fact that the criminal behavior spanned several years, and the need to protect the public, the district court "concluded that a sentence at the top of the range [was] fully justified." Alcala was sentenced to thirty-three months' imprisonment to be followed by three years of supervised release. Alcala now appeals, arguing that (1) the district court erred by imposing an excessive sentence; and (2) he received ineffective assistance of counsel at sentencing because his attorney failed to offer mitigating evidence or challenge the amount of restitution.

## II.    DISCUSSION

### A.    Thirty-Three Month Sentence

We review the "'substantive reasonableness of the sentence' under the abuse-of-discretion standard considering the totality of the circumstances." United States v. Alvizo-Trujillo, 521 F.3d 1015, 1017 (8th Cir. 2008) (quoting Gall v. United States, 552 U.S. 38, 51 (2007)). Alcala does not claim that the district court committed any procedural error, only that the district court erred in imposing a thirty-three month sentence where a twenty-seven month sentence would have been reasonable. However, the thirty-three month sentence was within the Guidelines range and thus presumptively reasonable. United States v. Mabie, 663 F.3d 322, 335 (8th Cir. 2011) ("A sentence within a properly calculated Guidelines range is presumptively reasonable on appeal."). As such, Alcala has the burden of proving that the sentence is unreasonable. See United States v. Peck, 496 F.3d 885, 891 (8th Cir. 2007).

Here, there is no evidence supporting Alcala's contention that the within-the-Guidelines sentence was unreasonable. Alcala argues that there were enough mitigating factors under § 3553(a) to suggest that twenty-seven months was a reasonable sentence. However, the existence of these mitigating factors does not

automatically make the thirty-three month sentence unreasonable. The district court reviewed the PSR, appropriately weighed all of the § 3553(a) factors, acknowledged the mitigating factors, and decided that the seriousness of the crime in conjunction with all of the other factors warranted a sentence at the high end of the Guidelines range. Thus, there was no abuse of discretion. "[I]t will be the unusual case when we reverse a district court sentence–whether within, above, or below the applicable Guidelines range–as substantively unreasonable," United States v. Feemster, 572 F.3d 455, 464 (8th Cir. 2009) (en banc) (quoting United States v. Gardellini, 545 F.3d 1089, 1090 (D.C. Cir. 2008)), and this is not such a case.

## B.   Ineffective Assistance of Counsel

Alcala also argues that his trial counsel was ineffective because he failed to present mitigating evidence at the time of sentencing and failed to provide evidence to offset the government's calculation for restitution. "[W]e review claims of ineffective assistance of counsel on direct appeal only in 'exceptional cases.'" United States v. Sanchez-Gonzalez, 643 F.3d 626, 628 (8th Cir. 2011) (quoting United States v. Hernandez, 281 F.3d 746, 749 (8th Cir. 2002)). In the normal course, we "defer such claims to collateral review under 28 U.S.C. § 2255" unless there would be "a plain miscarriage of justice." United States v. Cooke, 853 F.3d 464, 474 (8th Cir. 2017). Moreover, the record must be fully developed. United States v. Ramirez-Hernandez, 449 F.3d 824, 827 (8th Cir. 2006); see also Massaro v. United States, 538 U.S. 500, 506 (2003) ("Even meritorious claims would fail when brought on direct appeal if the trial record were inadequate to support them.").

Evaluating Alcala's ineffective assistance of counsel claim necessitates further development of the factual record. Alcala's trial attorney has not yet been examined under oath. As such, there is no evidence of tactical discussions between Alcala and his attorney regarding potential sentencing arguments or restitution. And, the errors alleged by Alcala are not readily apparent from the record. There are simply too

many unanswered questions for this court to make a determination on Alcala's ineffective assistance of counsel claim. Moreover, no "plain miscarriage of justice" would result if this claim is not heard on direct appeal. Alcala may still pursue the ineffective assistance of counsel claim through a § 2255 action. See Sanchez-Gonzalez, 643 F.3d at 629.

## III.    CONCLUSION

The  judgment of the district court is affirmed.

_____