# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-3559

_____

United States of America

*Plaintiff - Appellee*

v.

Ingrid Millsaps

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: December 10, 2018
Filed: June 12, 2019
[Unpublished]

_____

Before SMITH, Chief Judge, WOLLMAN and GRASZ, Circuit Judges.

_____

PER CURIAM.

Ingrid Millsaps appeals the district court's[1] sentence of 87 months of imprisonment and three years of supervised release for her role in a scheme to

_____

[1]The Honorable Henry E. Autrey, United States District Judge for the Eastern District of Missouri.

fraudulently return stolen merchandise to women's clothing stores for refunds.  We affirm.

## I. Background

Millsaps's role in the above-described scheme included stealing merchandise from women's clothing stores, sending the stolen merchandise from New York City (where she resided) to co-conspirators in Missouri and other states, and receiving a share in the proceeds from the return of stolen items using fraudulent receipts.  In April 2013 a grand jury charged Millsaps with three counts in a five-count superceding indictment, including: (1) conspiracy to commit an offense against the United States; (2) mail fraud; and (3) wire fraud, in violation of 18 U.S.C. §§ 371, 1341, and 1343, respectively.  Millsaps was released on bond, and she pled guilty on November 14, 2013.  In exchange, the government recommended that Millsaps receive a three-level sentence reduction under United States Sentencing Guidelines ("USSG") § 3E1.1 "based upon information presently known."  Her sentencing hearing was set for February 2014.

In January 2014, while still on bond, Millsaps was arrested in New York City and charged with 3rd-degree grand larceny for stealing $3,500 in American Express gift cards from her employer.  She allegedly committed the theft on November 13, 2013, the day before pleading guilty to the federal charges in this case.  However, a federal magistrate judge denied the government's motion to revoke Millsaps's release.  The magistrate judge concluded the government's reliance on hearsay evidence and "inconclusive" security video failed to establish probable cause that Millsaps committed a crime in violation of her release.  Nonetheless, the Probation Officer recommended in Millsaps's Presentence Investigation Report that the district court ultimately deny a sentence reduction for acceptance of responsibility in light of the pending charge for stealing gift cards.

At the sentencing hearing, the district court denied the sentence reduction for acceptance of responsibility. During this hearing, unlike the revocation hearing, the government introduced personal testimony from the New York Police Department ("NYPD") officer investigating the gift-card case. The NYPD officer reviewed security footage and explained that it showed Millsaps, in her job as receptionist, receiving a UPS envelope containing the gift cards before the envelope disappeared. The NYPD officer also testified that American Express informed him that it later received balance inquiries for one of the gift cards from a phone number matching Millsaps's home phone number. The district court found the evidence credible, denied the sentence reduction, and determined Millsaps's USSG sentencing range to be 121 to 151 months of imprisonment. The district court, however, varied downwards and imposed a sentence of 87 months, in part based on testimony from Millsaps's mother that she had abandoned Millsaps as an adolescent. Millsaps did not file a notice of appeal.

Millsaps later filed a motion to vacate her sentence under 28 U.S.C. § 2255, alleging her counsel provided ineffective assistance by failing to file a notice of appeal. She also filed a memorandum alleging ineffective assistance on several additional grounds and challenging her original sentence. The district court held a hearing in November 2017 and granted Millsaps's § 2255 motion based on her counsel's failure to file a notice of appeal, vacated the original judgment, and entered a new judgment with the same sentence of 87 months of imprisonment. Millsaps's newly appointed counsel made an objection for the record as to the continued denial of a reduction for acceptance of responsibility. But counsel did not raise any other grounds for ineffective assistance at the hearing. Millsaps timely appeals the district court's new judgment.

## II. Discussion

Millsaps challenges the district court's denial of a sentence reduction for acceptance of responsibility under USSG § 3E1.1. "We review the district court's denial of an acceptance of responsibility reduction for clear error." *United States v. Williams*, 681 F.3d 936, 938 (8th Cir. 2012) (quoting *United States v. Smith*, 665 F.3d 951, 957 (8th Cir. 2011)). "A district court's factual determination on whether a defendant has demonstrated acceptance of responsibility is entitled to great deference and should be reversed only if it is so clearly erroneous as to be without foundation." *Id.* (quoting *United States v. Winters*, 416 F.3d 856, 860 (8th Cir. 2005)).

Millsaps argues the government failed to present credible evidence she committed a crime while on supervised release, pointing to the magistrate judge's decision refusing to revoke her bond. But at sentencing "[t]he defendant bears the burden of proving her entitlement to the reduction." *United States v. Davis*, 875 F.3d 869, 875 (8th Cir. 2017) (citing USSG § 3E1.1, cmt. n.2). And we have consistently said "[t]his court does 'not substitute our judgment for that of the district court because the district court is in a better position to assess whether a defendant has accepted responsibility and to assess the credibility of witnesses.'" *United States v. Torres-Rivas*, 825 F.3d 483, 487 (8th Cir. 2016) (quoting *United States v. Jones*, 539 F.3d 895, 897 (8th Cir. 2008)). Here the district court credited the newly-presented testimony of the NYPD officer, concluding Millsaps was responsible for stealing the gift cards. Upon our own review of the record, we see no reason to disturb the district court's assessment.

Millsaps also argues her guilty plea and cooperation with government agents constitutes "significant evidence of acceptance of responsibility" under USSG § 3E1.1 cmt. n.3. However, as we have observed before, "the application note also states . . . that '[a] defendant who enters a guilty plea is not entitled to an adjustment under this section as a matter of right.'" *Williams*, 681 F.3d at 939 (alteration in

original) (quoting USSG § 3E1.1, cmt. n.3). "One factor in determining whether a defendant has clearly demonstrated acceptance is whether [s]he has withdrawn from 'criminal conduct.'" *United States v. Arellano*, 291 F.3d 1032, 1034–35 (8th Cir. 2002) (quoting USSG § 3E1.1, cmt. n.1(B)). Here the district court found there was credible evidence Millsaps stole her employer's gift cards the day before pleading guilty to her federal charges for theft-related offenses. Therefore, the district court's determination that Millsaps had not demonstrated acceptance was not clearly erroneous. *Cf. Williams*, 681 F.3d at 937, 939 (holding the district court was entitled to consider defendant's state-law robbery charge in denying a reduction for acceptance of responsibility at sentencing for federal drug crimes).[2]

Millsaps next challenges her sentence on the basis of her original counsel's alleged ineffective assistance for failing to object to specific criminal history points, failing to give proper advice about the sentence she would receive for pleading guilty, and agreeing to several USSG sentencing enhancements. But this case is before us on direct appeal from the district court's new judgment. Millsaps has not shown hers is an "exceptional case" warranting review of an ineffective assistance of counsel claim on direct appeal. *United States v. Mathison*, 760 F.3d 828, 831 (8th Cir. 2014). Millsaps did not raise any of these arguments in the hearing before the district court (which also served as a new sentencing hearing) and thus the factual record has not been fully developed. *Id*. at 831–32. Additionally, we do not find the alleged errors "readily apparent," and failure to consider them on direct appeal will not result in a "plain miscarriage of justice," *id*., because any delay in considering them is a result of her choice not to raise these arguments at the hearing. Indeed, Millsaps does not argue she is barred from collaterally challenging the district court's *new* judgment, which she believes is still tainted by the ineffective assistance of her original

_____

[2]Millsaps does not dispute whether the district court could rely on *pre-plea* criminal conduct as a basis for denying a reduction for acceptance of responsibility. We thus assume without deciding the district court properly did so here.

-5-

counsel.[3] We thus do not have reason here to depart from the rule that "[i]neffective assistance of counsel claims 'are generally best litigated in collateral proceedings, such as an action under 28 U.S.C. § 2255.'" *Id.* at 831 (quoting *United States v. Schwarte*, 645 F.3d 1022, 1034 (8th Cir. 2011)).

## III. Conclusion

We affirm the judgment of the district court.

_____

_____

[3]We recognize Millsaps already filed a § 2255 motion. However, the district court *granted* that motion and vacated the original judgment. It is the new judgment Millsaps appeals.