# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-1772

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Northern District of Iowa. |
| Montel Theopolis Jones, also known | * | |
| as Hollywood, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: February 14, 2008
Filed: August 26, 2008

_____

Before BYE, RILEY, and MELLOY, Circuit Judges.

_____

MELLOY, Circuit Judge.

Appellant Montel Theopolis Jones pleaded guilty to a charge of distributing cocaine base (crack cocaine) within 1000 feet of a protected location and now appeals his sentence. He argues the district court[1] erred in its drug-quantity determination and in its denial of a reduction for acceptance of responsibility. We affirm.

_____

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

The United States charged Jones with two counts of distributing crack cocaine within 1000 feet of a protected location, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 860(a). The two counts alleged the sale of crack cocaine based on separate controlled transactions in which Jones sold a total of 21.11 grams of crack cocaine to a confidential informant. Jones pleaded guilty to the first count, and the United States dismissed the second.

At sentencing, the district court found Jones responsible for distributing over 500 but less than 1500 grams of crack cocaine based largely on the testimony of Donald Harris, who pleaded guilty to trafficking crack cocaine, faced the possibility of life imprisonment, and agreed to cooperate with the government. In objections to the presentence investigation report, Jones denied any prior involvement with Harris and sought to be sentenced only on the 21.11 grams involved in the controlled transactions. The district court ultimately found Harris credible and found Jones's failure to admit any dealings with Harris to be a frivolous denial of relevant conduct. As a result, the district court found Jones had not accepted responsibility, and the district court denied a reduction for acceptance of responsibility.

Determinations as to acceptance of responsibility and drug quantity are factual findings that we review only for clear error. United States v. Winters, 416 F.3d 856, 860 (8th Cir. 2005) ("A district court's factual determination on whether a defendant has demonstrated acceptance of responsibility is entitled to great deference and should be reversed only if it is so clearly erroneous as to be without foundation."); United States v. Houston, 338 F.3d 876, 878 (8th Cir. 2003) ("In reviewing the drug quantity finding for clear error, we must affirm unless the entire record firmly convinces us that a mistake has been made."). We do not substitute our judgment for that of the district court because the district court is in a better position to assess whether a defendant has accepted responsibility and to assess the credibility of witnesses. United States v. Quintana, 340 F.3d 700, 702 (8th Cir. 2003) ("It is . . . well established that in sentencing matters a district court's assessment of witness credibility is

quintessentially a judgment call and virtually unassailable on appeal.") (internal citations omitted, alterations in original). Our review, then, is not to determine what conclusion we might reach in the case were we to sit as the finders of fact, but to determine whether the district court's factual findings amount to clear error.

As to Harris's credibility, Harris was not a strong witness. He knew Jones only by the nickname "Hollywood," he failed to notice a large tattoo on Jones's forearm (even though he claimed to have purchased crack from Jones multiple times per week for over two years), he was strongly motivated to testify in order to obtain leniency in his own case, and his testimony as to drug transaction amounts and frequency was confusing and often internally inconsistent. Ultimately, however, the government was able to rehabilitate Harris on re-direct and clarify his testimony. Reliance on the testimony of a witness as inconsistent as Harris to greatly enhance a sentence is troubling. However, it ultimately is the call of the sentencing judge to weigh those inconsistencies and make the factual finding of whether the witness is embellishing to better his own situation or suffers from a bad memory or confusion.

Here, we note that the district court also found a separate witness, Victor Wright, to be credible. Wright's testimony buttressed Harris's credibility because, although Wright did not testify as to quantities, his testimony clearly placed Jones in transactions with Harris, as claimed by Harris and as denied by Jones. Further, the district court only needed to find that Jones had sold over 500 grams of crack cocaine. Harris's testimony permitted the court to reach this threshold, even after the application of substantial discounts regarding the frequency of transactions and quantity of crack cocaine described by Harris. In summary, the evidence was sufficient to support the quantity determination in this case such that the district court did not commit clear error when it found Jones had sold more than 500 grams of crack cocaine.

Similarly, the district court did not commit clear error when it found that Jones's express denial of any dealings with Harris was inconsistent with an acceptance of responsibility. Jones argued that he merely stood mute and required the government to prove related conduct. See U.S. Sentencing Guidelines Manual § 3E1.1, comment n.1(a) (2006) ("A defendant may remain silent in respect to relevant conduct beyond the offense of conviction without affecting his ability to obtain a reduction under this subsection."). The district court rejected Jones's argument. The district court held that, through Jones's objections to the presentence investigation report, Jones denied entirely any association with Harris, effectively denying any drug activity other than his sale of the 21.11 grams of crack cocaine involved in the controlled transactions. The district court declared Jones's position in this regard to be "preposterous" and deemed Jones's complete denial of any dealings with Harris to be a false denial or frivolous contesting of relevant conduct. See id. ("[A] defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility."). Wright's testimony, in combination with Harris's testimony, provides sufficient support for the district court's determination.

We affirm the judgment of the district court.

_____