# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1493

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Damon E. Fitzgerald, | * | District of Nebraska. |
| | * | |
| Appellant. | * | [UNPUBLISHED] |

_____

Submitted: March 6, 2009
Filed: March 11, 2009

_____

Before WOLLMAN, MURPHY, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Following a jury trial, Damon Fitzgerald was found guilty of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g) and 924(e). Fitzgerald argues that, in calculating the advisory Guidelines imprisonment range of 235-293 months, the district court[1] erred in denying a 2-level reduction for accepting responsibility, see U.S.S.G. § 3E1.1.

_____

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

We review for clear error the district court's denial of the acceptance-of-responsibility reduction. See United States v. Jones, 539 F.3d 895, 897 (8th Cir. 2008). The district court did not clearly err in denying the reduction. See United States v. Winters, 416 F.3d 856, 860 (8th Cir. 2005) (factual determination on whether defendant has demonstrated acceptance of responsibility is entitled to great deference and should be reversed only if it is so clearly erroneous as to be without foundation). Fitzgerald conceded factual guilt only through his testimony at trial after putting the government to its burden of proof. See United States v. Crumley, 528 F.3d 1053, 1067-68 (8th Cir. 2008) (reduction is generally not appropriate if government goes through burden of proving its case at trial, unless defendant was merely ascertaining viability of issue unrelated to guilt, such as constitutional challenge to statute). We also find that no Sixth Amendment concerns are implicated. See United States v. Benitez, 531 F.3d 711, 717 (8th Cir. 2008) (no merit to argument that § 3E1.1 has unconstitutional chilling effect on Sixth Amendment right to trial).

Accordingly, we affirm.

_____