# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3528

_____

United States of America,

        Appellee,

v.

Antonio Sandoval Cruz,

        Appellant.

\*
\*
\*
\*
\*   Appeal from the United States
\*   District Court for the
\*   Eastern District of Arkansas.
\*
\*   [UNPUBLISHED]
\*

_____

Submitted: February 14, 2011
Filed: April 25, 2011

_____

Before LOKEN, MELLOY, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Antonio Sandoval Cruz pled guilty to aiding and abetting possession with intent to distribute and distributing methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) and 18 U.S.C. § 2. As part of the plea agreement, both Cruz and the government stipulated that the quantity of methamphetamine was between 200 and 350 grams. Cruz subsequently objected, however, to the presentence report's (PSR) determination of 226.8 grams of methamphetamine, arguing the quantity should have been 1 gram. Cruz also objected to the PSR's failure to award him an acceptance-of-responsibility reduction to the offense level. At sentencing, the district

court[1] overruled Cruz's objections to the quantity of methamphetamine. The district court held that Cruz's objections to the PSR's drug calculation were inconsistent with the plea agreement and his acknowledgment during the plea colloquy that the drug quantity was between 200 and 350 grams. Accordingly, the district court denied him the two-point acceptance-of-responsibility reduction and sentenced Cruz to 87 months imprisonment, the bottom of the calculated Sentencing Guidelines range.

On appeal, Cruz argues that his objections to the PSR's drug calculation did not negate the fact that he had accepted responsibility for the underlying crime and thus the district court erred in refusing to grant him a two-level reduction. See United States Sentencing Commission, Guidelines Manual, § 3E1.1(a) (providing for a 2-level reduction in the offense level where "the defendant clearly demonstrates acceptance of responsibility for his offense"). "We review the District Court's decision to deny an acceptance-of-responsibility reduction for clear error," United States v. Bell, 411 F.3d 960, 963 (8th Cir. 2005), and we accord "great deference on review" to this determination by the sentencing court, id. (quoting USSG § 3E1.1, comment. (n.5)). As we conduct this review, we recognize that the district court retains the "better position to assess whether a defendant has accepted responsibility." United States v. Jones, 539 F.3d 895, 897 (8th Cir. 2008).

We find no clear error in the district court's decision. Although Cruz entered into a plea agreement, "[a] defendant who pleads guilty is not entitled to a downward acceptance-of-responsibility adjustment as a matter of right." United States v. Tonks, 574 F.3d 628, 632 (8th Cir. 2009). Notwithstanding his previous admission that he was responsible for between 200 and 350 grams of methamphetamine, Cruz sought through his objections to the PSR to be held responsible for only one gram of methamphetamine. The district court found Cruz's objections to be inconsistent with

---

[1]The Honorable J. Leon Holmes, Chief Judge, United States District Court for the Eastern District of Arkansas.

an acceptance of responsibility, and as we held in <u>Tonks</u>, such a finding is not clearly erroneous.  <u>Id.</u>

We affirm.

_____