# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-1685

_____

United States of America

*Plaintiff - Appellee*

v.

Octavio Torres-Rivas

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Arkansas - Fayetteville

_____

Submitted: March 14, 2016
Filed: June 9, 2016

_____

Before WOLLMAN, BENTON, and SHEPHERD, Circuit Judges.

_____

BENTON, Circuit Judge.

Octavio Torres-Rivas pled guilty to conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846. He appeals, claiming that the government violated the plea agreement by arguing against an acceptance-of-

responsibility reduction, and that the district court[1] erred in denying his request for acceptance of responsibility. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

On July 1, 2014, the government and Torres-Rivas made a plea agreement, which says:

> The United States agrees not to object to a recommendation by the Probation Office or a ruling of the Court which awards the defendant an appropriate-level decrease in the base offense level for acceptance of responsibility. If the offense level in the Presentence Report is 16 or greater and the Court accepts a recommendation in the Presentence Report that the defendant receive two points for acceptance of responsibility, the United States agrees to move for an additional one-point reduction for acceptance of responsibility for a total of three points. However, the United States will not be obligated to move for an additional one-point reduction or recommend any adjustment for acceptance of responsibility if the defendant engages in conduct inconsistent with acceptance of responsibility including, but not limited to, the following  a) falsely denies, or makes a statement materially inconsistent with, the factual basis set forth in this agreement, b) falsely denies additional relevant conduct in the offense, c) is untruthful with the United States, the Court or probation officer, or d) materially breaches this plea agreement in any way.

The agreement also says:

> At the sentencing hearing, the United States will be permitted to bring to the Court's attention, and the Court will be permitted to consider, all relevant information with respect to the defendant's background, character and conduct, including the conduct that is the subject of this investigation for which he/she has not been charged up to the date of this Agreement, and/or which is the basis for any of the counts which

[1]The Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas.

-2-

will be dismissed pursuant to this agreement, as provided by § 1B1.3 of the Sentencing Guidelines.

The Presentence Investigation Report (PSR), months later, addressed a threat investigation about two letters to cooperating co-defendants in February 2014 and August 2014. The PSR says, "Based on threats believed to be made by the defendant to cooperating defendants and witnesses, it is recommended the defendant receive an enhancement for obstruction of justice. . . . [C]onduct resulting in an enhancement under U.S.S.G. § 3C1.1 ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct."

At sentencing, the court heard testimony about the two letters. The government argued they show obstruction of justice. The government also claimed that Torres-Rivas should be denied acceptance of responsibility because of the obstruction of justice and because he denied relevant conduct about his interaction with co-conspirators (as a leader or organizer). The district court rejected the obstruction-of-justice enhancement, based on "enough gaps" in the evidence. The district court also denied a reduction for acceptance of responsibility, saying "I think he's a leader, number one. I think what happened after July 1, 2014 is relevant, as well as some of what happened prior to July 1. So I'm not going to give . . . acceptance of responsibility."

According to Torres-Rivas, the government—aware of the first letter at the time of the plea agreement (and plea)—broke the terms of the agreement by arguing against acceptance of responsibility. Regardless, he believes that the district court should have granted acceptance of responsibility.

I.

This court reviews de novo "issues pertaining to the interpretation and enforcement of a plea agreement." *United States v. Stobaugh*, 420 F.3d 796, 800

(8th Cir. 2005). "Plea agreements are contractual in nature and should be interpreted according to general contractual principles." ***United States v. E.V.***, 500 F.3d 747, 751 (8th Cir. 2007). "[W]here a plea agreement is ambiguous, the ambiguities are construed against the government." ***United States v. Andis***, 333 F.3d 886, 890 (8th Cir. 2003) (en banc). "Any promise made by the Government that constitutes a significant part of the defendant's inducement or consideration for making the plea agreement must be fulfilled to satisfy due process." ***Stobaugh***, 420 F.3d at 800.

Torres-Rivas claims the government had an affirmative duty to recommend a decrease for acceptance of responsibility and violated that duty by first not arguing for it, and then by arguing against it. However, any duty is conditional. The agreement provides that the government would " move for an additional one-point reduction for acceptance of responsibility" *if* "Court accepts a recommendation in the Presentence Report that the defendant receive two points for acceptance of responsibility." Because the PSR had no recommendation for acceptance of responsibility, the government had no duty to argue for acceptance of responsibility. *See* ***United States v. Borer***, 412 F.3d 987, 994-95 (8th Cir. 2005) (holding no breach of plea agreement where government did not recommend sentence at low end of guideline range, and plea agreement made such recommendation contingent on the range "anticipated by the Presentence Report"). *Cf.* ***United States v. Gomez***, 271 F.3d 779, 781-82 (8th Cir. 2001) (disapproving government's decision not to recommend acceptance-of-responsibility reduction where agreement clearly required it, even if defendant breached plea agreement after signing it).

This case is not like *United States v. Mosley*, 505 F.3d 804 (8th Cir. 2007), where the agreement said:

> as of the date of this agreement, defendant appears to qualify . . . for acceptance of responsibility. However, the government shall be free to contest the adjustment under USSG § 3E1.1(a) should the defendant subsequently fail to continue to accept responsibility . . . .

The government there violated the plea agreement by arguing against acceptance of responsibility. The government became aware of new information that Mosley lied in some pre-plea statements to police—which predated the plea agreement. Unlike *Mosley*, the agreement here does not say that, if the defendant subsequently fails to accept responsibility, the government may then argue against acceptance of responsibility. The only condition here to the government's obligation is that the government agrees "not to object to a *recommendation by the Probation Office* or a *ruling of the Court* which awards the defendant an appropriate-level decrease in the base offense level for acceptance of responsibility." (emphasis added). The probation office did not recommend acceptance of responsibility, and the court did not award it. "[T]he language of the plea agreement in the instant case permitted the Government's actions at the sentencing hearing." *Stobaugh*, 420 F.3d at 801.

II.

"[A] defendant who enters a guilty plea is not entitled to credit for acceptance of responsibility as a matter of right." *United States v. Shade*, 661 F.3d 1159, 1167 (8th Cir. 2011). "Under U.S.S.G. § 3E1.1(a), the burden is on a defendant to show that he clearly demonstrated acceptance of responsibility." *United States v. Vega*, 676 F.3d 708, 723 (8th Cir. 2012). "Entry of a plea of guilty prior to the commencement of trial combined with truthfully admitting the conduct comprising the offense of conviction, and truthfully admitting or not falsely denying any additional relevant conduct for which he is accountable under § 1B1.3 . . . , will constitute significant evidence of acceptance of responsibility." **U.S.S.G. § 3E1.1, cmt. n. 3**. "Whether the defendant accepted responsibility is a factual question that depends largely on credibility assessments made by the sentencing court. This Court gives great deference to the district court's denial of a request for a reduction for acceptance of responsibility and reviews the decision for clear error." *Vega*, 676 F.3d at 723.

Although the district court did not grant the obstruction-of-justice enhancement, the court had ample evidence to deny acceptance of responsibility. As Torres-Rivas notes, "[m]ost of the acceptance-of-responsibility inquiry focuses on the defendant's conduct through the time he pleads guilty." *United States v. Stapleton*, 316 F.3d 754, 757 (8th Cir. 2003). Nonetheless, the district court may look to defendant's conduct after the guilty plea. *See United States v. Jones*, 539 F.3d 895, 898 (8th Cir. 20108) (finding district court did not clearly err when it found Jones's denial of association with a witness through his "objections to the presentence investigation report" inconsistent with acceptance of responsibility). In addition to the threatening letters, Torres-Rivas denied relevant conduct by multiple objections to the PSR—including 16 of 23 paragraphs labeled "Offense Conduct," almost every paragraph with information from cooperating witnesses (including where he stored his meth and how much currency a cooperating defendant held for him). The district court found that "what happened after July 1, 2014 is also relevant," and "his conduct was not such that would entitle him to acceptance of responsibility." This court does "not substitute our judgment for that of the district court because the district court is in a better position to assess whether a defendant has accepted responsibility and to assess the credibility of witnesses." *Id.* at 897.

\* \* \* \* \* \* \*

The judgment is affirmed.

_____