# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 16-2687

———————————————

United States of America

*Plaintiff - Appellee*

v.

Sheehan R. Grant

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Western District of Missouri - Joplin

——————————

Submitted: February 10, 2017
Filed: May 26, 2017
[Unpublished]

——————————

Before SMITH,[1] GRUENDER, and BENTON, Circuit Judges.

——————————

PER CURIAM.

Sheehan Grant was charged with interstate travel with intent to engage in illicit sexual acts, in violation of 18 U.S.C. § 2423(b). Two days before trial, Grant waived

———————————————

[1]The Honorable Lavenski R. Smith became Chief Judge of the United States Court of Appeals for the Eighth Circuit on March 11, 2017.

his right to a jury trial. On the morning of trial, Grant withdrew his not-guilty plea and entered a plea of nolo contendere. Grant's presentence investigation report recommended that he not receive credit for acceptance of responsibility, noting that Grant continued to deny that he committed the offense at his change-of-plea hearing. At sentencing, the district court[2] denied Grant credit for acceptance of responsibility, recalling the events leading up to the entry of the nolo contendere plea. The court then imposed a mid-Guidelines range sentence of 156 months' imprisonment, followed by 10 years' supervised release. Grant argues that the district court erred in declining to grant an offense-level reduction for acceptance of responsibility.[3] For the reasons explained below, we affirm.

Grant claims that he was entitled to the reduction because he waived his right to a jury, admitted that the government could adduce sufficient evidence to prove him guilty, and changed his plea from not guilty to nolo contendere. But,

---

[2]The Honorable M. Douglas Harpool, United States District Judge for the Western District of Missouri.

[3]Grant also argues that his nolo contendere plea was not voluntary because the plea was in his best interest only if he were afforded a reduction for acceptance of responsibility, which he did not receive. However, this argument is not properly before us because Grant did not move to withdraw his plea in the district court. *See United States v. Foy*, 617 F.3d 1029, 1033–34 (8th Cir. 2010).

Further, Grant argues that the district court violated Federal Rule of Criminal Procedure 11 by failing to establish a factual basis for Grant's nolo contendere plea and failing to consider the "public interest in the administration of justice." *See* Fed. R. Crim. P. 11(a)(3). However, Rule 11's factual-basis requirement does not apply to pleas of nolo contendere. *See* Fed. R. Crim. P. 11(b)(3) ("Before entering judgment on a *guilty* plea, the court must determine that there is a factual basis for the plea." (emphasis added)). And to the extent that the court failed to consider the public interest in accepting Grant's plea, such error was harmless because it did not affect Grant's substantial rights. *See* Fed. R. Crim. P. 52(a).

"[d]eterminations as to acceptance of responsibility . . . are factual findings that we review only for clear error." *United States v. Jones*, 539 F.3d 895, 897 (8th Cir. 2008); *see also United States v. Winters*, 416 F.3d 856, 860 (8th Cir. 2005) ("A district court's factual determination on whether a defendant has demonstrated acceptance of responsibility is entitled to great deference and should be reversed only if it is so clearly erroneous as to be without foundation."). "We do not substitute our judgment for that of the district court because the district court is in a better position to assess whether a defendant has accepted responsibility and to assess the credibility of witnesses." *Jones*, 539 F.3d at 897; *see also United States v. Quintana*, 340 F.3d 700, 702 (8th Cir. 2003) ("It is . . . well established that in sentencing matters a district court's assessment of witness credibility is quintessentially a judgment call and virtually unassailable on appeal." (ellipsis in original) (quotations omitted)).

In declining to grant a reduction for acceptance of responsibility, the district court heard argument from both parties, considered the circumstances and timing of Grant's change of plea, and stated:

> THE COURT: All right. Well, I want to do everything I can to encourage people who are guilty of these crimes to admit them so that victims don't have to testify. In this case there was no actual victim so the benefit of him pleading is somewhat less to a victim. Am I allowed to give half credit? Is it two or nothing?
>
> [Prosecutor]: I believe it's two or nothing, Your Honor. I think in imposing sentence you can consider his waiver of jury trial and things along those lines but I think as a legal matter it's two or nothing.
>
> THE COURT: Well, I'm not inclined to do that anyway. I don't think he's entitled to—I remember the plea hearing and I also know that we were in the morning of trial. The Court is going to find—deny the acceptance of responsibility credit. I'm going to find the correct offense level is 151 to 188.

In other words, the district court determined that Grant's last-minute plea change was inconsistent with finding that he had accepted responsibility for his offense. Upon review of the transcript from the change-of-plea hearing, we note that Grant never expressly accepted responsibility for the offense and indicated that his mother could testify to his innocence. Thus, we find no clear error in the district court's denial of the reduction for acceptance of responsibility.

Accordingly, we affirm the judgment of the district court.

_____