# United States Court of Appeals

### For the Eighth Circuit

_____

No. 17-3802

_____

United States of America

*Plaintiff - Appellee*

v.

Martin Arreola Zavala

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Waterloo

_____

Submitted: November 12, 2018
Filed: January 15, 2018
[Unpublished]

_____

Before COLLOTON, SHEPHERD, and STRAS, Circuit Judges.

_____

PER CURIAM.

Martin Arreola Zavala pleaded guilty to conspiracy to distribute
methamphetamine and received a 324-month prison sentence, which was at the
bottom of his advisory Sentencing Guidelines range. He challenges two parts of
his Guidelines calculation: the findings on the type and quantity of drugs he sold
and the denial of a two-level reduction in his offense level for acceptance of

responsibility. Because we conclude that the district court[1] did not clearly err in either set of findings, we affirm.

Under the Guidelines, the sentencing range for drug crimes depends in part on the quantity of drugs sold. *See* U.S.S.G. § 2D1.1(a)(5), (c). For crimes involving methamphetamine, the Guidelines also recommend a harsher punishment if the substance sold was "ice," an especially pure form of the drug. *See id.* § 2D1.1(c) & n.(C).

The drug type and quantity were disputed issues at Arreola Zavala's sentencing. The presentence investigation report stated that Arreola Zavala sold 8,748 grams of ice to five people, resulting in a base offense level of 38. *See id.* § 2D1.1(c)(1). Arreola Zavala disagreed with the calculation and denied selling *any* drugs to three of the five buyers. Under his view, his base offense level should have been 34, which would have resulted in a lower overall sentencing range. *See id.* § 2D1.1(c)(3).

Following an evidentiary hearing, the district court found that the sales in question involved nothing but ice, that the quantity sold was close to the report's estimate, and that his base offense level was 38. The court further found that Arreola Zavala's challenge to the drug quantity had been "frivolous[]," so it declined to adopt an acceptance-of-responsibility reduction. *See id.* § 3E1.1(a).

We review a district court's drug-type and drug-quantity findings for clear error, "applying [a] preponderance-of-the-evidence standard." *United States v. Walker*, 688 F.3d 416, 420 (8th Cir. 2012) (citation omitted). At the evidentiary hearing, the three people to whom Arreola Zavala denied selling drugs testified about the amount of ice that he had sold to them. The court relied on their testimony to overrule Arreola Zavala's objections to the presentence investigation report. As we have held, firsthand testimony of this kind can serve as the basis for

---

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

drug-type and drug-quantity findings at sentencing, so neither finding here was clearly erroneous. *See id.* at 423–25 (upholding a drug-type finding that was based in large part on the testimony of several buyers); *United States v. Plancarte-Vazquez*, 450 F.3d 848, 852–53 (8th Cir. 2006) (affirming a drug-quantity finding that was supported only by the testimony of a co-conspirator).

Nor did the district court clearly err when it found that Arreola Zavala had failed to accept "responsibility by frivolously contesting relevant conduct, specifically as it relates to drug quantity." *See* U.S.S.G. § 3E1.1 cmt. n.1(A) (2016) ("[A] defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility . . . ."); *see also United States v. Jones*, 539 F.3d 895, 897 (8th Cir. 2008) (reviewing an acceptance-of-responsibility finding for clear error). At sentencing, Arreola Zavala did not just quibble with the amounts of ice he had sold to the three buyers. Rather, in his objections to the presentence investigation report, he denied selling *anything* to them at all.

This position directly contradicted his testimony at an earlier change-of-plea hearing, at which he admitted selling drugs to two of the three buyers. The court was entitled to view Arreola Zavala's attempts to recant, in the face of testimony from the buyers confirming the sales, as demonstrating that he had not truly accepted responsibility for his crimes. *Cf. United States v. Annis*, 446 F.3d 852, 857–58 (8th Cir. 2006) (upholding the district court's decision to deny an acceptance-of-responsibility reduction to a defendant who pleaded guilty but then tried to exclude his own earlier statement about the quantity of drugs manufactured).

We accordingly affirm the judgment of the district court.

_____