# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-1714

_____

United States of America,                  *
                                                *

        Plaintiff - Appellee,         *

                                                *    Appeal from the United States
      v.                             *    District Court for the District
                                                  *    of Minnesota.

Adrian Tinajero,                  *

                                                *

        Defendant - Appellant.    *

_____

Submitted: October 16, 2006
Filed:  December 5, 2006

_____

Before MELLOY, BEAM, and BENTON, Circuit Judges

_____

MELLOY, Circuit Judge.

Defendant Adrian Tinajero appeals the sentence he received after pleading guilty to one count of aiding and abetting the distribution of amphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) and 18 U.S.C. § 2.  The district court[1] found that Defendant was not entitled to safety-valve relief, was not entitled to a role reduction, and was subject to a two-level enhancement for obstruction of justice. Defendant challenges all of these findings.  We affirm.

_____

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

I.    Background

A special agent and a confidential informant set up a controlled drug transaction with Defendant's brother, Ixsael Tinajero, to take place at a fast-food restaurant in Worthington, Minnesota. The agent and confidential informant were in a pick-up truck in the restaurant's parking lot. Ixsael Tinajero and Alexander Sandoval arrived together in a vehicle, and Defendant arrived with Jose Guadalupe in a separate vehicle. The confidential informant exited the truck and spoke to Ixsael Tinajero. Ixsael Tinajero then entered the truck. Later, Defendant approached the truck, carrying a one-pound, plastic-wrapped package under his shirt. Defendant then entered the truck and handed the package to Ixsael, who gave it to the agent. The agent then gave Ixsael $7500, which Ixsael counted in the presence of Defendant and the agent. Additional officers then arrested Ixsael Tinajero, Sandoval, Defendant, and Guadalupe. It was later determined that the package contained a substance or mixture of amphetamine. A grand jury indicted Ixsael Tinajero, Sandoval, and Defendant. Ixsael Tinajero and Sandoval eventually pled guilty to charges of conspiring to distribute in excess of 500 grams of a mixture of amphetamine.

Following indictment, while on pretrial release, Defendant fled to Mexico. He then failed to appear for his trial and remained a fugitive for over a year. While in Mexico, he did not maintain contact with the court or his attorney. He then was arrested while attempting to re-enter the United States and was returned to Minnesota. Following his return to Minnesota, he sought the opportunity to plead guilty and offer information in an attempt to secure safety-valve relief and obtain an offense-level reduction for acceptance of responsibility under the United States Sentencing Guidelines.

During a proffer session where Defendant was represented by counsel, he claimed that he went to Sandoval's house in Sioux City, Iowa, on the day before the controlled transaction. There, Sandoval asked him for a ride to Worthington.

Defendant agreed, and Sandoval handed him the plastic-wrapped package of drugs, asking Defendant to hold on to the package. Defendant claimed that he did not know at the time that the package contained drugs and that Sandoval did not tell him the package contained drugs. Defendant stated that the package did have a chemical odor. According to Defendant, on the following day—the day of the controlled transaction—Ixsael Tinajero and Sandoval drove together to Worthington, and Defendant and another man drove separately, carrying the package to Worthington. Defendant claimed that he did not know the package contained drugs until officers interrupted the controlled transaction to arrest the participants, at which time Ixsael Tinajero told him to hide the package. Defendant did not explain why Sandoval drove himself to Minnesota even though Defendant had claimed that Sandoval initially asked him for a ride.

During the proffer session, Defendant denied having ever used drugs and answered no when asked if he had ever been in Oklahoma. Both of these statements were false. Regarding drug use, he now asserts that, although he had previously used drugs, he thought the question was whether he had ever sold drugs. When confronted with an Oklahoma business card police had obtained from his wallet, Defendant admitted that, in fact, he had driven through Oklahoma, but he thought the initial question was whether he had ever stayed in Oklahoma. Later, at his plea colloquy, Defendant contradicted his earlier claim that he was unaware of the contents of the package. Specifically, by pleading guilty, Defendant admitted that he knowingly aided and abetted in the transaction.

At sentencing, Defendant received a two-level reduction for acceptance of responsibility. Defendant argued that he should not receive an enhancement for obstruction of justice based on his flight to Mexico. In support of his argument, he asserted that his flight from Minnesota, his time as a fugitive, and his failure to appear for trial were all for the purpose of caring for his ailing father. He presented a letter from a doctor in Mexico who stated that Defendant's father lived in a rural area and

that the father needed family assistance following major surgery to change dressings and avoid infection. Defendant also sought a reduction in his offense level for having played only a minor role in the offense and safety-valve relief based on his claim that, prior to sentencing, he truthfully disclosed all that he knew regarding the offense. The district court determined that Defendant had not truthfully disclosed all that he knew regarding the offense, in that Defendant was not credible (given his lies about drug use and travel to Oklahoma) and that his claim regarding ignorance of the package's contents was unbelievable. As a result, the district court denied safety-valve relief. The district court rejected Defendant's attempt to excuse his escape to Mexico, absence from trial, and time as a fugitive and applied a two-level enhancement for obstruction of justice based on Defendant's actions. Finally, the district court denied Defendant's request for a role reduction under U.S.S.G. § 3B1.2 because the district court disbelieved Defendant's claims regarding the limited extent of his role in the offense.

II.     Discussion

All of the issues on appeal rest upon factual determinations made by the sentencing court. We review these factual determinations for clear error. United States v. Little Hawk, 449 F.3d 837, 839 (8th Cir. 2006); United States v. Stanley, 362 F.3d 509, 511 (8th Cir. 2004). We review the district court's interpretation and application of the Sentencing Guidelines de novo. United States v. Mashek, 406 F.3d 1012, 1016 (8th Cir. 2005). Defendant does not challenge the overall reasonableness of his sentence.

A.     Denial of Safety-Valve Relief

A defendant is only eligible for safety-valve relief if, *inter alia*:

[n]ot later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan . . . .

U.S.S.G. § 5C1.2(a)(5).  Here, the district court made a factual finding that Defendant did not comply with the requirement of full and truthful disclosure.  The district court expressly found that Defendant told an unbelievable story regarding knowledge of the contents of the package and that this story was an attempt to falsely characterize his own role in the offense as minimal.

The district court's finding enjoys adequate support and is not clearly erroneous.  Defendant's actions, as observed by the surveillance officers and the agent involved in the controlled transaction, were inconsistent with his claimed ignorance of the contents of the package.  Specifically, his acts of carrying the package concealed beneath his shirt, handing it to Ixsael at the site of the transaction, and watching the undercover officer pay Ixsael $7500 are inconsistent with his claim of not knowing the contents of the package until a later time.  Also, the package he received from Sandoval was wrapped in plastic and carried a chemical smell, making it even less likely that he didn't know its contents.  In addition, the district court reasonably found other aspects of Defendant's story unbelievable.  Although Defendant claimed his role was limited and Sandoval had merely asked him for a ride, Sandoval did not actually ride with Defendant, and Defendant offered no adequate explanation for this inconsistency.  Further, the district court reasonably concluded that, if Defendant's role was as limited as he claimed, Sandoval would not have entrusted him with a full pound of drugs.  See United States v. Alvarado-Rivera, 412 F.3d 942, 948 (8th Cir. 2005) (en banc) (in a case involving twenty-seven pounds of

methamphetamine, approving an inference regarding the level of a defendant's involvement with a drug enterprise based on the quantity of illicit drugs entrusted to the defendant). Because the district court did not clearly err when it determined that Defendant failed to satisfy the disclosure requirement of U.S.S.G. § 5C1.2(a)(5), we affirm the district court's denial of safety-valve relief.

B.      Application of Obstruction of Justice Enhancement

Defendant argues that his flight from Minnesota while on pre-trial release should not be considered obstruction of justice because his flight was motivated by a desire to aid his ailing father. Under U.S.S.G. § 3C1.1, a two-level increase is warranted if a "defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the course of the investigation, prosecution, or sentencing. . . ." Application Note 4(e) to § 3C1.1 lists "willfully failing to appear, as ordered, for a judicial proceeding" as an example of conduct that warrants application of this enhancement. Here, Defendant willfully failed to appear for trial even though he was under an order to appear. The district court correctly noted that Defendant did not voluntarily surrender, but was captured while attempting to re-enter the United States. We note also that Defendant failed to maintain contact with his attorney and remained a fugitive for an extended period of time.

Defendant claims that his absence was for an excusable purpose, namely, to care for his father. Defendant, however, comes from a large family and does not explain why he, rather than one of his many siblings, had to care for his father. Further, Defendant does not explain his failure to maintain contact or return voluntarily when the alleged medical emergency had passed. Accordingly, even if we could excuse his obstruction of justice based on the nature of the alleged purpose for his flight, he has not presented facts that would justify overlooking his actions in this case. The district court did not clearly err in finding that Defendant obstructed justice, and it properly applied the two level enhancement.

C.	Denial of Minor Role Adjustment

As noted, the district court denied a minor role adjustment based on Defendant's admitted and observed conduct and based on a disbelief of Defendant's claims about having played a minor role. Defendant argues that he was merely a mule who did not appreciate the gravity of his actions or the contents of the package before it was too late. The evidence, however, showed that Defendant was not merely a mule, but participated in the actual drug transaction as one of the two persons who entered the vehicle with the agent and confidential informant to consummate the transaction. In addition, we note again that his fellow defendants trusted him with over a pound of drugs.

Under U.S.S.G. § 3B1.2, a defendant who is a minimal participant may be entitled to a four-level reduction in his offense level, and a defendant who is a minor participant may be entitled to a two-level reduction. A defendant who falls between these two categories may be entitled to a three-level reduction. Id. "'The propriety of a downward adjustment is determined by comparing the acts of each participant in relation to the relevant conduct for which the participant is held accountable and by measuring each participant's individual acts and relative culpability against the elements of the offense.'" United States v. Morales, 445 F.3d 1081, 1085 (8th Cir. 2006) (quoting United States v. Ramos-Torres, 187 F.3d 909, 915 (8th Cir. 1999)). Here, at least four persons were involved in the activities surrounding the controlled transaction. Of those four persons, only two participated in the actual transaction, Defendant and Ixsael Tinajero. According to his own proffer statement, Defendant received the drugs, housed the drugs, transported the drugs from Sioux City to Minnesota, carried the drugs to the buyer's car, and participated in the actual transaction. Given these admitted acts, we do not believe the district court clearly erred in denying a mitigating-role adjustment.

Defendant argues primarily that the sentencing court improperly relied on a statement made by co-defendant Sandoval in order to assess Defendant's role in the offense. This argument is without merit. Defendant objected to the sentencing court's reliance on Sandoval's statement. The district court considered the objection and, at sentencing, stated:

> First, the defendant objects to paragraph 11 of the PSR alleging that the statement of co-defendant[,] Alexander Sandoval, included erroneous facts. However, the probation officer simply reported what co-defendant Sandoval had stated and not whether such statements were based on true facts. Moreover, the Court determines that the findings on this factual objection are not necessary because the controverted matter will not be taken into account or affect sentencing.

Because the district court stated expressly that it was not considering the objected-to statement at sentencing, and because the district court's findings regarding Defendant's role in the offense are otherwise supported by substantial evidence, we affirm the district court's denial of a minor role adjustment.

The judgment of the district court is affirmed.

_____