# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 05-4227
_____

United States of America,            *
                                             *

       Appellee,             *
                                             *

       v.                  *
                                             *

Gustavo Ramirez Sanchez,      *
                                             *

       Appellant.          *

_____

No. 05-4228
_____

Appeals from the United States
District Court for the District of
Minnesota.

United States of America,            *
                                             *

       Appellee,             *
                                           *

       v.                  *
                                             *

Magdaleno Urzua,              *
                                             *

       Appellant.          *

No. 06-1371

United States of America,　　　　　　*
　　　　　　　　　　　　　　　　　*
　　　　　Appellee,　　　　　　　　*
　　　　　　　　　　　　　　　　　*
　　　v.　　　　　　　　　　　　　*
　　　　　　　　　　　　　　　　　*
Cecilio Gomez Ramirez,　　　　　　 *
　　　　　　　　　　　　　　　　　*
　　　　　Appellant.　　　　　　　 *

Submitted: September 26, 2006
Filed: February 8, 2007

Before ARNOLD, BYE, and MELLOY, Circuit Judges.

MELLOY, Circuit Judge.

Defendants Gustavo Ramirez Sanchez, Magdaleno Urzua, and Cecilio Gomez Ramirez each pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute more than 500 grams of cocaine, an offense carrying a mandatory minimum sentence of five years in prison. See 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(B). The district court sentenced Sanchez, Urzua, and Ramirez to the statutory mandatory minimum: sixty months of imprisonment. Arturo Soto, another defendant in this seven-defendant case, qualified for safety valve relief and was sentenced to thirty-seven months of imprisonment.

Sanchez, Urzua, and Ramirez each claim on appeal that they were erroneously denied safety valve relief from the mandatory minimum sentence. See 18 U.S.C. § 3553(f); U.S.S.G. § 5C1.2. In a brief submitted pursuant to Anders v. California, 386 U.S. 738 (1967), Urzua also argues that his due process rights were violated when the district court sentenced him to a greater term of imprisonment than Soto. We affirm.

The safety valve exception to a mandatory minimum term of imprisonment is available to drug defendants if they meet the criteria outlined in 18 U.S.C. § 3553(f). One of the criteria is that defendants truthfully provide the government with "all information and evidence the defendant has concerning the offense." 18 U.S.C. § 3553(f)(5). At each defendant's sentencing hearing, the district court concluded that the defendant failed to meet this requirement and was therefore ineligible for safety valve relief. The district court also concluded that Sanchez had two criminal history points, further precluding application of safety valve relief. See 18 U.S.C. § 3553(f)(1).

We review the district court's findings that the defendants did not qualify for safety valve relief for clear error. United States v. Romo, 81 F.3d 84, 86 (8th Cir. 1996). "Defendants have the burden to show affirmatively that they have satisfied each requirement for the safety valve, including whether truthful information and evidence have been given to the government." United States v. Alvarado-Rivera, 412 F.3d 942, 947 (8th Cir. 2005). They must demonstrate their eligibility by a preponderance of the evidence. United States v. Morones, 181 F.3d 888, 890 (8th Cir. 1999). The United States has no burden to refute a defendant's assertion that his information is truthful if his proffer is inadequate. Alvarado-Rivera, 412 F.3d at 947-48.

While each defendant met with the government to provide a safety valve proffer, the government, and subsequently the court, found their efforts lacking. The relevant facts regarding the defendants' proffers can be briefly summarized.

As to Sanchez, the prosecutor advised the sentencing court about Sanchez's proffer statement. The prosecutor relayed that Sanchez refused to answer questions about his role in a cocaine transaction underlying his conspiracy conviction, would not divulge the source of the cocaine, and unilaterally terminated the session. Defense counsel concurred with the government's account of the proffer and acknowledged that Sanchez was "not as straightforward as you might expect him to be."

The government also summarized Urzua's proffer session at his sentencing. The prosecutor informed the court that Urzua claimed he was only joking when he negotiated a cocaine transaction. When that statement's veracity was challenged, Urzua terminated the proffer. The session reconvened, but Urzua continued to deny knowledge of any cocaine transaction. Urzua provided innocuous explanations for his actions surrounding the cocaine transaction, claiming, for example, that he was simply meeting with his co-defendants to get something to eat and was unaware of any cocaine transaction. Urzua again unilaterally terminated his proffer. At sentencing, Urzua did not contest this account of his proffer and did not offer any evidence regarding his allegedly truthful and complete admissions.

Prior to Ramirez's sentencing, the government informed the court that it found the statements Ramirez made in his proffer to be incredible and noted that some of his admissions were inconsistent with his post-arrest statement. Of note, at his proffer Ramirez claimed that the first time he ever sold drugs was when he sold two kilograms of cocaine to an undercover officer as part of the instant offense. Ramirez testified at sentencing; his testimony varied from both his post-arrest statement and his proffer statement. He stated for the first time that he had served as a drug courier on two occasions prior to the two kilogram transaction and that he had met Sanchez

only one time prior to the transaction. Ramirez also did not contest the government's account of his post-arrest statement or proffer statement.

The district court found that Ramirez, Urzua, and Sanchez each failed to provide the government with complete and truthful information regarding his offense as required by 18 U.S.C. § 3553(f)(5). The district court's findings as to each of the defendants have adequate support in the record and were not clearly erroneous.

Sanchez's statements and actions at his proffer provided the district court with grounds to deny him safety valve relief. Refusing to answer questions or respond to inquiries about relevant conduct is inconsistent with providing a complete and truthful account of that conduct. See Romo, 81 F.3d at 86 (upholding the district court's finding of a failure to provide complete and truthful information when the defendant failed to respond to the government's request for a written chronology of his drug trafficking activities or to a letter asking for more information). Thus, we find that the district court did not err in concluding that Sanchez failed to fulfill the requirements of section 3553(f)(5). We need not address Sanchez's additional claim that the court erred in assessing him two criminal history points – further rendering him safety-valve ineligible, see 18 U.S.C. § 3553(f)(1) – as a defendant must meet all five criteria outlined in section 3553(f) to qualify for a safety valve reduction.

The district court also had proper grounds to find Urzua ineligible for safety valve relief after considering his proffer. The court was not required to accept Urzua's innocent explanations for his apparently criminal conduct. See United States v. Tinajero, 469 F.3d 722, 725 (8th Cir. 2006) (upholding the denial of safety valve relief where the district court found that defendant's statements falsely characterized his own role in the criminal conduct as minimal). "In making its assessment of the truthfulness of a safety valve proffer, the district court is entitled to draw reasonable inferences from the evidence." Alvarado-Rivera, 412 F.3d at 948. The court could reasonably conclude that Urzua's claims to have been joking when negotiating for a

cocaine sale and to lack any knowledge of the cocaine transaction were inconsistent with facts before the court. The district court did not err in concluding that Urzua was not safety valve eligible.

As to Ramirez, there is sufficient support in the record for the district court's holding. Ramirez provided inconsistent statements, a fact the court could consider in assessing his compliance with section 3553(f)(5). See Alvarado-Rivera, 412 F.3d at 948 (upholding the district court's denial of safety valve relief when, among other factors, details in the defendants' statements changed during the course of the investigation). Additionally, the district court had the opportunity to observe Ramirez's testimony. The court specifically found incredible, among other things, Ramirez's assertion that the two kilogram transaction was the first time Ramirez sold drugs after twice serving as a courier. The court's conclusion was reasonable. See, e.g., Alvarado-Rivera, 412 F.3d at 948 (approving the district court's finding that one pound of methamphetamine would not be fronted to a new dealer, as asserted by the defendants, in upholding a district court's denial of safety valve relief). The district court did not err in concluding Ramirez failed to provide a complete and truthful account of his offense.

Finally, the district court did not violate Urzua's due process rights when it sentenced Urzua to sixty months' imprisonment, while Soto received a sentence of thirty-seven months. "[M]ere variations in sentences among co-defendants do not mandate resentencing." United States v. Skorniak, 59 F.3d 750, 758 (8th Cir. 1995). A defendant must show an abuse of discretion by the district court to successfully challenge a sentencing disparity. Id. Here, Urzua was not similarly situated to Soto, who qualified for safety valve relief. Thus, the district court did not abuse its discretion in sentencing Urzua to a term of imprisonment greater than that imposed for Soto.

For the reasons stated herein, the judgment of the district court is affirmed.  We grant Urzua's counsel leave to withdraw.

_____