# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-2584

_____

United States of America,          *
           *
     Plaintiff - Appellee,    *
           *   Appeal from the United States
     v.              *   District Court for the
           *   District of Minnesota.
Tony Van Bui,          *
           *
     Defendant - Appellant.   *

_____

Submitted: May 14, 2012
Filed: August 9, 2012

_____

Before WOLLMAN, BEAM, and LOKEN, Circuit Judges.

_____

LOKEN, Circuit Judge.

After a warrant search of Tony Van Bui's vehicle and home uncovered over eighty kilograms of marijuana, he pleaded guilty to possession with intent to distribute 100 kilograms or more. The plea agreement recited that Bui was subject to a mandatory minimum sentence of five years in prison, see 21 U.S.C. § 841(b)(1)(B), but that he could be eligible for a "safety valve" reduction if he "will truthfully provide to the United States all information and evidence he has concerning the offense" and satisfies the remaining requirements of 18 U.S.C. § 3553(f)(1)-(5). Two days before the sentencing hearing, defense counsel filed a Sentencing Position pleading advising the court:

Mr. Bui does qualify for a safety-valve reduction . . . . However, although the government has been willing to meet with Mr. Bui, no meeting has taken place. Based on information the government believes Mr. Bui would give during a safety valve proffer, the government would most likely not recommend a . . . reduction. As such, Mr. Bui is respectfully requesting that he be sentenced to the mandatory minimum sentence of 60 months.

At sentencing, the district court[1] concluded the safety valve reduction did not apply and imposed a 60-month sentence. Bui appeals that sentence. We affirm.

1. On appeal, relying on United States v. Espinosa, 172 F.3d 795, 797 (11th Cir. 1999), Bui first argues that the district court improperly deferred to the government and defense counsel in making its safety-valve determination. This contention requires a closer look at what transpired at the sentencing hearing. Initially, the district court inquired as to the status of the safety valve issue:

Secondly, until I am told otherwise, it appears to me that there has been no proffer that has been accepted by the Government, which means . . . that there is a mandatory minimum set by the United States Congress of 60 months. Does that remain the case today . . . ?

Both attorneys answered affirmatively. Bui's attorney then reiterated that the government had offered to meet with Bui for safety-valve purposes and explained:

I have outlined to Mr. Bui what that would entail; that he would have to be truthful about this offense and other activity . . . .

---

[1]The Honorable Donovan W. Frank, United States District Judge for the District of Minnesota.

> I proffered to the Government what Mr. Bui would say if there was a safety valve proffer, and the Government has informed me that they would not believe that that would be truthful information. . . .
>
> At this time, Mr. Bui would still maintain his original version of the events, and as such I do not believe that the Government would recommend that he receive a . . . reduction for safety valve.
>
> I have further informed Mr. Bui that if he lied during a proffer session, the Government could move for obstruction and could also charge him with lying to federal agents. So, at this point, we are not asking for a continuance.
>
> I do not believe Mr. Bui is interested in sitting down and meeting with the Government for the purposes of a safety valve proffer. So then the 60 months apply. And I would ask for that sentence.

After Bui apologized for his conduct, the district court asked if he understood "that unless you give additional information to the Government in what we call a proffer or statement, that the law requires that a five-year sentence . . . be imposed." Bui answered, "I do." Defense counsel added that the prosecutor "bent over backwards . . . to make sure that Mr. Bui would have been able to pass the safety valve proffer." Bui added, "She is a nice person. I can see that."

The record makes clear that the district court did not abdicate its safety-valve responsibilities to the prosecutor or to defense counsel. Consistent with § 3553(f)(5), the court advised that no reduction could be granted unless Bui truthfully provided information to the government. Defense counsel said that Bui was unwilling to do so, and the court then verified that Bui understood the consequences of that decision. The defendant seeking a safety-valve reduction "has the burden to demonstrate he has provided the government truthful information and evidence about the relevant crimes before sentencing." United States v. Alvarado, 615 F.3d 916, 923 (8th Cir. 2010) (quotation omitted). When the defendant gives the government a statement or

proffer, as in <u>Espinosa</u>, it is the court's ultimate responsibility to determine the truthfulness of the information provided.  172 F.3d at 797.  But as Bui made no proffer, the court had no choice but to deny a safety valve reduction.

2.  Bui further argues that his attorney provided constitutionally deficient assistance by privately communicating Bui's safety-valve proffer to the government and unilaterally determining that the government would not believe a proffer by Bui was truthful and complete, when it was the district court that would finally determine that issue.  Bui contends this prejudicially deprived him of "the opportunity at sentencing to give a 'safety valve' proffer."  We decline to consider ineffective assistance claims on direct appeal unless the record is fully developed or "trial counsel's ineffectiveness is readily apparent."  <u>United States v. Cook</u>, 356 F.3d 913, 919-20 (8th Cir. 2004).  Here, no ineffectiveness is readily apparent, as the sentencing record reflects that defense counsel candidly and effectively advocated Bui's interest in obtaining the lowest possible sentence.  Of course, the record is not fully developed as to what may have transpired at meetings between defense counsel and Bui and government counsel, and what information Bui might have provided had a safety valve proffer been made.  Those questions must be developed, if at all, in a post-conviction proceeding.

The judgment of the district court is affirmed.

_____