# United States Court of Appeals
## For the Eighth Circuit
_____

No. 18-1145
_____

United States of America,

*Plaintiff - Appellee*,

v.

Anthony Tarpeh Kugmeh,

*Defendant - Appellant.*
_____

Appeal from United States District Court
for the District of Minnesota - St. Paul
_____

Submitted: April 19, 2019
Filed: August 8, 2019
_____

Before COLLOTON, GRUENDER, and ERICKSON, Circuit Judges.
_____

COLLOTON, Circuit Judge.

Anthony Kugmeh pleaded guilty to conspiracy to commit bank fraud, *see* 18 U.S.C. §§ 1344 and 1349, and aiding and abetting aggravated identity theft, *see id.* §§ 1028A and 2. The district court[1] calculated an advisory sentencing guideline

_____

[1] The Honorable John R. Tunheim, Chief Judge, United States District Court for the District of Minnesota.

range of 135 to 168 months' imprisonment for the conspiracy offense. Kugmeh argues that the court made procedural errors in determining the range, but we reject his contentions and affirm the judgment.

Kugmeh's guilty plea stemmed from his involvement in a scheme to defraud financial institutions by cashing counterfeit checks drawn on accounts of businesses and individuals. He pleaded guilty in April 2015. In his plea agreement, Kugmeh stipulated to a base offense level and certain adjustments to the offense level on the conspiracy count. Among these stipulations were a sixteen-level increase for a loss amount of more than $1,000,000 but less than $2,500,000, and a two-level increase for an offense involving sophisticated means. *See* USSG § 2B1.1(b)(1)(I), (b)(10)(C) (2014). The government agreed to recommend a three-level reduction for acceptance of responsibility, *see id.* § 3E1.1, provided that certain conditions were met, including that Kugmeh "commit[] no further acts inconsistent with acceptance of responsibility."

In November 2015, the Sentencing Commission promulgated Amendment 792, which amended the definition of "intended loss" in the commentary to USSG § 2B1.1 and the "sophisticated means" guideline at USSG § 2B1.1(b)(10)(C). *See* USSG Supp. to App. C, Amend. 792 (2015). In his first sentencing memorandum, Kugmeh asserted that under the amended guidelines, he would receive a twelve-level increase for the loss amount (instead of the stipulated sixteen) and would not qualify for a sophisticated means enhancement. But he did not urge a different guideline calculation; rather, he asked the court "to consider the total effect of these amendments as reason for a variance under 18 U.S.C. § 3553(a)."

Kugmeh then absconded from presentence release in April 2017 and failed to appear at a sentencing hearing in June 2017. Officers eventually apprehended him during a traffic stop in October 2017, although even then Kugmeh provided a false name, and police had to use a biometric system to ascertain his identity. This conduct

led the probation office to recommend a two-level increase under USSG § 3C1.1 for obstruction of justice and no reduction under USSG § 3E1.1 for acceptance of responsibility.

At sentencing, Kugmeh conceded that the two-level increase for obstruction was appropriate, but he argued for a two-level reduction for acceptance of responsibility. He also maintained that Amendment 792 warranted different guideline adjustments than those to which he had stipulated in his plea agreement. He urged the district court to apply a twelve-level increase for the loss amount and no increase for sophisticated means.

The district court overruled the objections and applied a sixteen-level increase for the loss amount, a two-level increase for sophisticated means, and no reduction for acceptance of responsibility. The court arrived at an advisory range of 135 to 168 months, but varied downward to a term of 97 months' imprisonment on the conspiracy conviction. The court also imposed a consecutive 24-month prison term on the conviction for aiding and abetting aggravated identity theft. *See* 18 U.S.C. § 1028A(a)(1), (b)(2).

Kugmeh argues on appeal that the district court erred in applying the sixteen-level increase for the loss amount and the two-level increase for an offense involving sophisticated means. We conclude that Kugmeh waived these arguments by stipulating to the adjustments in his plea agreement. "A defendant may not challenge an application of the Guidelines to which he agreed in a plea agreement (unless he proves the agreement invalid or succeeds in withdrawing from it)." *United States v. Barrett*, 173 F.3d 682, 684 (8th Cir. 1999). Kugmeh never attempted to prove the plea agreement invalid or to withdraw from it. Therefore, the stipulations are binding, and he cannot challenge the two adjustments on appeal.

Kugmeh's next argument is that the district court erred in denying a two-level reduction under USSG § 3E1.1(a) for acceptance of responsibility. The district court found that Kugmeh obstructed justice, and applied a two-level increase under the guidelines. The guidelines provide that obstructive conduct under § 3C1.1 "ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct," but that there may be "extraordinary cases" in which both adjustments apply. USSG § 3E1.1, comment. (n.4). The district court ruled that this was not such a case, and we review the court's ruling for clear error. *United States v. Smith*, 665 F.3d 951, 957 (8th Cir. 2011).

Kugmeh argues that this is an "extraordinary" case because he absconded out of fear that he would be killed for political reasons if deported to Liberia. In resolving this issue, we usually examine whether the defendant has done anything "more than ordinary" or "beyond what is usual, regular, common, or customary" to earn a reduction for acceptance of responsibility. *See id.* at 958; *United States v. Honken*, 184 F.3d 961, 970, 973 (8th Cir. 1999). But even assuming that the nature of a defendant's obstruction could make a case "extraordinary," the district court did not err in declining to reach that conclusion here. Insofar as removal to Liberia was another consequence of Kugmeh's criminal conduct, his recourse was to seek whatever relief is available under the immigration laws. Flight from prosecution, compounded by provision of a false name when eventually apprehended, simply demonstrated his unwillingness to accept responsibility. There was no clear error in declining to deem this an "extraordinary" case that warranted an adjustment for acceptance of responsibility.

The judgment of the district court is affirmed.

_____