# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-2131

_____

United States of America

*Plaintiff - Appellee*

v.

Ricardo Barraza

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Nebraska - Omaha

_____

Submitted: April 14, 2022
Filed: June 24, 2022
[Unpublished]

_____

Before SMITH, Chief Judge, WOLLMAN and GRASZ, Circuit Judges.

_____

PER CURIAM.

Ricardo Barraza pleaded guilty in 2005 to conspiracy to distribute a controlled substance, in violation of 21 U.S.C. § 846. Before sentencing, he absconded from pretrial supervision and fled to Mexico. Barraza returned to the United States in 2019, seeking treatment for grave medical conditions, including renal failure and kidney disease. He surrendered to federal officials at the border and was hospitalized

before appearing for sentencing in 2021. The district court[1] sentenced him to 151 months' imprisonment, the bottom of the sentencing range under the U.S. Sentencing Guidelines. Barraza challenges his sentence on several grounds.

Barraza argues that the district court erred by imposing an offense-level adjustment for obstruction of justice under Guidelines § 3C1.1. The enhancement covers conduct including the willful failure "to appear, as ordered, for a judicial proceeding." U.S.S.G. § 3C1.1 cmt. n.4 (listing examples of covered conduct). Barraza concedes that he did not appear for sentencing, but claims that he fled to Mexico to protect himself and his family against threats they had received over his cooperation with the government. He thus contends that his failure to appear was not willful because it was "motivated by fear of physical harm." Appellant's Br. 9. Whatever the motivation for his flight, however, Barraza decided to continue to evade sentencing for his conspiracy offense for more than a decade, surrendering himself only when he needed urgent medical care. The district court thus did not clearly err in finding that Barraza acted willfully when he failed to appear for sentencing. See United States v. Chavez, 833 F.3d 887, 889 (8th Cir. 2016) (defendant obstructed justice when he "jumped bond and then lived abroad and in another state for nearly nine years"); United States v. Tinajero, 469 F.3d 722, 725–26 (8th Cir. 2006) (defendant obstructed justice when he fled to Mexico while on pretrial release, failed to appear for a judicial proceeding, and remained a fugitive for more than a year).

We also reject Barraza's argument that the district court erred in denying the offense-level adjustment for acceptance of responsibility under Guidelines § 3E1.1. See U.S.S.G. § 3E1.1 cmt. n. 4. (obstructive conduct "ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct"). Considering the length of time Barraza avoided the consequences of his criminal conduct, the district

---

[1]The Honorable Brian C. Buescher, United States District Judge for the District of Nebraska.

court did not clearly err in finding that Barraza's was not the "extraordinary case" in which both the obstruction-of-justice enhancement and the acceptance-of-responsibility reduction apply. See id. (both adjustments may apply in "extraordinary cases"); United States v. Kugmeh, 932 F.3d 1195, 1197–98 (8th Cir. 2019) (not an "extraordinary case" when defendant had absconded from pretrial release and provided a false name when apprehended months later); United States v. Muro, 357 F.3d 743, 745 (8th Cir. 2004) (per curiam) (not an "extraordinary case" when defendant absconded from pretrial release, fled from Nebraska to California, and was apprehended months later).

Barraza argues that the district court erred in denying a downward departure based on his physical condition under Guidelines § 5H1.4, which states that "[a]n extraordinary physical impairment may be a reason to depart downward." The district court considered Barraza's complicated medical issues and his ongoing medical treatment, recognizing that the Bureau of Prisons had provided life-saving care to Barraza after he surrendered. The district court also recommended that Barraza be placed in a federal medical center. The record thus demonstrates that the district court purposefully decided to deny the request for downward departure, not that the court "erroneously thought it was without authority to grant a departure." See United States v. Dailey, 958 F.3d 742, 746 (8th Cir. 2020).

Finally, we conclude that the district court acted within its discretion when it imposed a sentence at the bottom of the Guidelines sentencing range. Along with Barraza's medical needs, the district court considered his decision to surrender himself to authorities, his substantial assistance to the government, and the recommendation by the government and probation office that the court vary downward. Against those circumstances, the district court weighed Barraza's failure to appear for sentencing and, more importantly, his subsequent fourteen-year absence from the United States. Barraza's sentence is not substantively unreasonable. See United States v. King, 898 F.3d 797, 810 (8th Cir. 2018) ("The district court's

decision not to weigh mitigating factors as heavily as [the defendant] would have preferred does not justify reversal." (internal quotation marks and citation omitted)).

The judgment is affirmed.

_____