# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 22-1105

———————————————

United States of America

*Plaintiff - Appellee*

v.

Bianca Rosa Garcia Romero

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Western District of Arkansas - Ft. Smith

——————————

Submitted: September 23, 2022
Filed: October 12, 2022
[Unpublished]

——————————

Before GRUENDER, SHEPHERD, and ERICKSON, Circuit Judges.

——————————

PER CURIAM.

Bianca Rosa Garcia Romero appeals her conviction for aiding and abetting the possession with intent to distribute cocaine. Garcia asserts the district court[1]

---

[1]The Honorable P.K. Holmes, III, United States District Judge for the Western District of Arkansas, adopting the report and recommendation of the Honorable

erred in denying her motion to suppress evidence obtained from a vehicle she was driving and in denying her request for safety-valve sentencing. We affirm.

## I.    BACKGROUND

On January 18, 2021, Arkansas State Police Trooper Joshua Elmore ("Trooper Elmore") initiated a traffic stop of a vehicle for following his patrol car too closely. Trooper Elmore separately questioned the vehicle's occupants: defendant Bianca Rosa Garcia Romero ("Garcia") and codefendant Cecilia Gallegos. After asking if Garcia had any weapons, he questioned Garcia and Gallegos about their itinerary and their relationship. Trooper Elmore noted several indicators that Garcia and Gallegos could be transporting drugs. First, he found Garcia's behavior of closely following but not passing him suspicious. Second, he noted that Garcia and Gallegos provided conflicting accounts regarding their relationship and travel plans. Specifically, Garcia stated they were traveling to Cleveland, Tennessee, to see Garcia's Aunt Maria while Gallegos indicated they were traveling to Huntsville, Tennessee, to visit Gallegos' Aunt Marta. Moreover, Garcia reported that Gallegos was Garcia's supervisor and close friend (despite not knowing her last name) while Gallegos reported that Garcia was her cousin. Finally, Garcia indicated the vehicle belonged to a third party rather than Garcia or Gallegos.

Trooper Elmore inquired whether she had any weapons in the vehicle to which Garcia responded, "No, do you want to go ahead and check it?" Trooper Elmore again asked, "You have no weapons at all?" Garcia responded, "No, I don't." Trooper Elmore then asked, "You're okay with me searching it, though?" To this, Garcia said, "Yeah, yeah, yeah . . . ."

---

Mark E. Ford, Chief United States Magistrate Judge for the Western District of Arkansas.

Garcia assisted Trooper Elmore as he sought to open the trunk of the vehicle. Once in the trunk, Trooper Elmore saw a large speaker box, which was not wired to the vehicle. One of the two speakers in the box had only four screws while the other speaker had eight screws. Trooper Elmore noted the speaker box was spacious enough to contain a firearm, so he picked up the speaker box, shook it, and heard items moving inside it. Based on his experience, Trooper Elmore believed it contained contraband and he removed the screws, revealing bundles of cocaine.

Trooper Elmore arrested Garcia and Gallegos. They were subsequently indicted for conspiracy to distribute cocaine and aiding and abetting in possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(B)(ii), (b)(1)(C), and 18 U.S.C. § 2. Garcia moved to suppress the evidence seized from her vehicle, asserting the search exceeded the scope of her consent, which she claims was limited to a search for weapons. The district court denied the motion, finding Garcia gave unqualified consent. Alternatively, the district court concluded Trooper Elmore's search of the speaker box was reasonable because it could have contained firearms. Finally, the district court concluded the stop was otherwise permissible under the automobile exception to the warrant requirement.

Garcia pled guilty, reserving the right to appeal the denial of her motion to suppress. The applicable Sentencing Guidelines range was 60 to 71 months. At the sentencing hearing, the parties disputed whether Garcia was eligible for the safety-valve provision in 18 U.S.C. § 3553(f). The district court found Garcia was ineligible for safety-valve relief because she had not provided truthful information. In particular, the court credited DEA Agent Mike Brooks' testimony that he found Garcia's proffer untruthful considering the quantity of cocaine in her vehicle and inconsistencies between her and Gallegos' proffers. The court imposed a mandatory minimum 60-month imprisonment term. Garcia appeals, arguing that the district court erred in denying the motion to suppress and in finding her ineligible for safety-valve relief.

## II. ANALYSIS

### A. Motion to Suppress

We review the district court's denial of a motion to suppress applying a clear error standard of review to findings of fact and a *de novo* standard of review to the ultimate conclusion of law. United States v. Daniels, 932 F.3d 1120, 1125 (8th Cir. 2019). "This court will affirm the district court's denial of a motion to suppress evidence unless it is unsupported by substantial evidence, based on an erroneous interpretation of applicable law, or, based on the entire record, it is clear a mistake was made." United States v. Perez, 29 F.4th 975, 983 (8th Cir. 2022) (citation omitted).

Garcia asserts two issues regarding the vehicle search: (1) Trooper Elmore exceeded the scope of her consent in conducting his search; and (2) Trooper Elmore lacked probable cause to search the speaker box.

As to the first issue, the scope of consent is defined by what "the typical reasonable person [would] have understood by the exchange between the officer and the suspect," and "[t]he scope of a search is generally defined by its expressed object. . . ." United States v. Ferrer-Montoya, 483 F.3d 565, 568, 569 n.2 (8th Cir. 2007) (quoting Florida v. Jimeno, 500 U.S. 248, 251 (1991)). The standard for determining the scope of consent is objective reasonableness, and a defendant's actual state of mind as to the intended consent is not determinative. United States v. Starr, 533 F.3d 985, 995 (8th Cir. 2008) (citations omitted).

The facts as presented do not require us to resolve whether Garcia's consent to search was limited to weapons. The record establishes, and Garcia concedes, she consented to a search for weapons. Garcia's consent permitted law enforcement to search any containers within the vehicle that might conceal a weapon. See United

States v. Alcantar, 271 F.3d 731, 738 (8th Cir. 2010). The speaker box was spacious enough to contain firearms. Because Garcia consented to a search for weapons, Trooper Elmore's search of the box was reasonable.

Garcia also asserts that Trooper Elmore's removal of screws from the speaker box was an impermissible "destructive search." Given Trooper Elmore's probable cause to believe that Garcia and Gallegos were engaged in criminal activity and that evidence of the crime was concealed in the speaker box, the warrantless search was permissible. See Florida v. Harris, 568 U.S. 237, 243-44 (2013) (noting an officer has probable cause when he possesses information that would "warrant a [person] of reasonable caution" to believe that evidence of a crime was present) (internal citation omitted). When Trooper Elmore found the speaker and discovered something was inside it, he had more than enough information, when considered in light of all the circumstances, that would lead a reasonable officer to conclude there was a "fair probability" the speaker box contained drugs. The district court did not err in denying Garcia's motion to suppress evidence.

## B.    Safety-Valve Eligibility

We review the district court's factual findings as to safety-valve eligibility for clear error. See United States v. Alvarado-Rivera, 412 F.3d 942, 947 (8th Cir. 2005) (en banc). We then review the district court's application of the safety-valve provision *de novo*. United States v. Polk, 715 F.3d 238, 253 (8th Cir. 2013) (citation omitted). The defendant bears the burden of showing she has satisfied the criteria for safety-valve relief. Alvarado-Rivera, 412 F.3d at 947.

To be eligible for safety-valve relief, the defendant must have, among other things, "truthfully provided to the Government all information and evidence" that she has concerning her offense; though, "the fact that the defendant has no relevant or useful . . . information . . . or that the Government is already aware of the

information" she offers does not preclude safety-valve eligibility. 18 U.S.C. § 3553(f)(5); see also U.S.S.G. § 5C1.2(a)(5). In determining whether a defendant has provided truthful information, the district court may "draw reasonable inferences from the evidence," including discrepancies between coconspirators' statements and the implausibility of their information. United States v. Guerra-Cabrera, 477 F.3d 1021, 1025 (8th Cir. 2007). Mere participation in a safety-valve interview does not guarantee safety-valve relief. Id. (citation omitted).

The district court committed no error, clear or otherwise, when it found Garcia was not truthful during her proffer. The court credited the testimony of Agent Brooks, who had extensive experience in law enforcement. Agent Brooks noted Garcia's account of the offense was inconsistent with Gallegos' account. Given the street value of the five kilograms of cocaine ($400,000) Garcia had been entrusted with, a strong inference could be drawn that Garcia knew more about the offense and supplier than she admitted. Further, Garcia's phone contained text messages during her travel that she never adequately explained. The inferences drawn by the court in determining that Garcia had been less than completely truthful were reasonable. See United States v. Flores, 507 F. App'x 630, 633 (8th Cir. 2013) (concluding the district court did not clearly err in inferring the defendant had more information about a third party when the third party left him in possession of a quantity of cocaine valued at $1,000,000); United States v. Sanchez, 475 F.3d 978, 981-82 (8th Cir. 2007) (determining the district court did not clearly err in finding uncredible the defendant's assertion that his conduct in transporting two kilograms of cocaine was his first cocaine transaction).

## III.   CONCLUSION

For the foregoing reasons, we affirm the judgment of the district court.

_____