# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-1645
_____

United States of America

*Plaintiff - Appellee*

v.

Dai-Kwon Armond

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Arkansas - Fayetteville

_____

Submitted: March 17, 2025
Filed: April 24, 2025

_____

Before GRUENDER, BENTON, and SHEPHERD, Circuit Judges.

_____

GRUENDER, Circuit Judge.

Dai-Kwon Armond pleaded guilty to distributing a controlled substance. *See* 21 U.S.C. §§ 841(a)(1), (b)(1)(C). Armond's total offense level of 11 combined with a criminal history category of I resulted in an advisory sentencing guidelines range of 8-14 months. After considering the 18 U.S.C. § 3553(a) factors, the district

court[1] varied upwards and sentenced Armond to 24 months' imprisonment, followed by a 3-year term of supervised release. On appeal, Armond contends that he was entitled to a two-level reduction in his offense level through the use of the safety valve provision in U.S.S.G. § 5C1.2. He also challenges the substantive reasonableness of his sentence.

We first address whether Armond was entitled to a two-level reduction under the safety valve. *See* 18 U.S.C. § 3553(f); U.S.S.G. § 5C1.2(a). Since Armond did not timely object in the district court, we review the district court's denial of the safety valve reduction for plain error. *See United States v. Thompson*, 289 F.3d 524, 526 (8th Cir. 2002). To establish plain error, Armond "must show that there is (1) error, (2) that is plain, and (3) that affects substantial rights." *United States v. Ford*, 888 F.3d 922, 926 (8th Cir. 2018) (internal quotation marks omitted).

Under the safety valve provision in U.S.S.G. § 5C1.2, a district court may impose a sentence "without regard to a statutory minimum" in cases involving "first-time non-violent drug offenders who meet certain requirements." *Deltoro-Aguilera v. United States*, 625 F.3d 434, 437 (8th Cir. 2010). The only requirement at issue in this case is the final one, which requires that "not later than the time of the sentencing hearing, the defendant . . . truthfully provide[] to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan." U.S.S.G. § 5C1.2(a)(5). The "fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information [does] not preclude a determination by the court that the defendant has complied with this requirement." *Id.* The defendant bears the burden of showing that he is affirmatively entitled to the safety valve reduction. *United States v. Alvarado-Rivera*, 412 F.3d 942, 947 (8th Cir. 2005).

---

[1]The Honorable Timothy L. Brooks, United States District Judge for the Western District of Arkansas.

Armond acknowledges that he neither participated in a proffer interview nor disclosed any information he had concerning his offense. He nonetheless makes a unique argument that he is entitled to the safety valve reduction because he never had any information to provide. By doing so, Armond incorrectly attempts to shift the burden to the Government to disprove his claim, even though the *defendant* bears the burden of showing that he is affirmatively entitled to the safety valve reduction. *See id.* A defendant who merely makes a bald assertion like this falls far short of satisfying that burden. *See United States v. Sanchez*, 475 F.3d 978, 981 (8th Cir. 2007) ("Refusing to answer questions or respond to inquiries about relevant conduct is inconsistent with providing a complete and truthful account of that conduct."); *United States v. Bui*, 687 F.3d 1101, 1103 (8th Cir. 2012) (concluding that the district court "had no choice but to deny a safety valve reduction" as the defendant "made no proffer" to the Government). To hold otherwise would permit a defendant to claim entitlement to the safety valve reduction by refusing to speak with the Government and assert after the fact that he never had any information to provide. That would render U.S.S.G. § 5C1.2(a)(5)'s "all information" requirement a nullity. We therefore conclude that the district court did not plainly err in denying the safety valve reduction to Armond.

We next address whether the district court imposed a substantively unreasonable sentence. We review the substantive reasonableness of a sentence under an abuse of discretion standard. *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). A district court abuses its discretion when it "fails to consider a relevant factor that should have received significant weight," "gives significant weight to an improper or irrelevant factor," or "considers only the appropriate factors but in weighing those factors commits a clear error of judgment." *United States v. Noriega*, 35 F.4th 643, 651 (8th Cir. 2022). When a district court imposes a sentence outside the sentencing guidelines range, "we may consider the extent of the deviation, but must give due deference to the district court's decision." *Feemster*, 572 F.3d at 461-62.

Armond asserts that the district court abused its discretion by giving insufficient weight to his lack of criminal history. Contrary to Armond's assertion, the district court noted that Armond's lack of criminal history was a "significant mitigator." Notwithstanding this "significant mitigator," the district court determined that an upward variance was warranted due to several aggravating factors. The district court noted that Armond's drug distribution offense involved both heroin and fentanyl, which it called "some of the most severe or serious drug trafficking offenses that are prosecuted and sentenced." It also cited as aggravating that Armond had sought to expand his drug distribution operations, planned extensively to avoid detection by law enforcement, and conducted drug transactions in locations which were a "recipe for disaster." Giving "due deference to the district court's decision," we conclude that the district court did not commit a clear error of judgment in determining that the aggravating factors outweighed the mitigating. *Feemster*, 572 F.3d at 461-62. Thus, we discern no abuse of discretion.

Accordingly, we affirm the judgment of the district court.

_____