# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-1609

_____

United States of America

*Plaintiff - Appellee*

v.

Jimmy L. Hudson, Jr.

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - Cape Girardeau

_____

Submitted: April 18, 2025
Filed: July 25, 2025

_____

Before SMITH, SHEPHERD, and KOBES, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

Jimmy Hudson pled guilty to a drug distribution charge and was sentenced by the district court[1] to 151 months' imprisonment. He now appeals the substantive

---

[1]The Honorable Stephen N. Limbaugh, Jr., United States District Judge for the Eastern District of Missouri.

reasonableness of his sentence.  Having jurisdiction under 28 U.S.C. § 1291, we affirm.

After selling fentanyl to a confidential informant, Hudson was indicted on drug distribution charges.  Pursuant to a plea agreement, he pled guilty to one count of distributing fentanyl, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C).  The agreement specifically noted that Hudson might be labeled a career offender for sentencing purposes—a designation which would increase his United States Sentencing Guidelines (USSG) range—and that the Government would recommend a sentence at the low end of the range if he was designated as such.  As predicted, the Presentence Investigation Report (PSR), prepared by the United States Probation Office in anticipation of Hudson's sentencing, determined Hudson was a career offender because he "ha[d] at least two prior felony convictions of . . . a controlled substance offense."  Based in part on this designation, his Guidelines sentencing range was 151 to 188 months' imprisonment.  Neither party objected to the PSR. The Government, as discussed in the plea agreement, recommended a 151-month sentence; Hudson asked for 120 months.[2]

The district court adopted the Government's recommendation and sentenced Hudson to 151 months' imprisonment.  After listening to comments from both Hudson and his counsel about the rehabilitative steps Hudson had taken following his last stint in federal prison, the district court sentenced Hudson based on the factors enumerated in 18 U.S.C. § 3553(a), "the sentencing objectives of just punishment, general deterrence, and incapacitation," and the necessity of "fashion[ing] a sentence that's sufficient but not greater than necessary to satisfy the statutory factors."  The court further noted Hudson's status as a career offender and noted this was his "third major federal court sentence" in addition to several "other offenses that are on [his] record."

---

[2]In the same hearing in which Hudson was sentenced for distributing fentanyl, he was also sentenced to 24 months' imprisonment for violating the terms and conditions of his supervised release.  Because Hudson does not appeal the 24-month sentence, we address only the 151-month sentence at issue.

On appeal, Hudson claims that his sentence is substantively unreasonable. The crux of his argument is that, because neither of the previous federal convictions which subjected him to career offender status were for violent offenses, the Guidelines range was unfairly high and the district court should have sentenced him to a below-Guidelines range sentence. "Where, as here, an appellant does not argue that the district court committed a procedural error," this Court proceeds "directly to review the substantive reasonableness of his sentence." United States v. Werlein, 664 F.3d 1143, 1146 (8th Cir. 2011) (per curiam) (citation omitted). "We review the substantive reasonableness of a sentence under an abuse of discretion standard." United States v. Armond, 135 F.4th 626, 628 (8th Cir. 2025).

Under this deferential standard, "[a] district court abuses its discretion when it (1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment." United States v. Holmes, 137 F.4th 734, 743 (8th Cir. 2025) (citation omitted). It is "the unusual case when we reverse a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable." United States v. Feemster, 572 F.3d 455, 464 (8th Cir. 2009) (en banc) (citation omitted).[3]

Here, the district court made its decision after reading a sentencing memorandum, reviewing several letters of support regarding Hudson, and hearing from both Hudson and his attorney at the sentencing hearing. The court considered the § 3553(a) factors and concluded that 151 months' imprisonment—a sentence at the bottom of the Guidelines range—was appropriate in light of Hudson's status as

---

[3]When, as here, a sentence is within the Guidelines range, this Court sometimes applies a "presumption of reasonableness." See United States v. Vavra, 127 F.4th 737, 745 (8th Cir. 2025). Hudson argues that such a presumption is inappropriate here. We need not address this argument because even without a presumption of reasonableness, the district court did not abuse its discretion in sentencing Hudson.

a career offender. This is not "the unusual case" in which the district court imposed a substantively unreasonable sentence. See id. (citation omitted).

Hudson argues that the district court should have varied downward because, per Hudson, the career offender enhancement overrepresented his criminal history. Under the Guidelines, the enhancement applies when a "defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." USSG § 4B1.1(a). In a 2016 report to Congress, however, the United States Sentencing Commission "concluded that the career offender directive is best focused on those offenders who have committed at least one 'crime of violence'" and "recommend[ed] that Congress amend the directive to reflect this principle by no longer including those who currently qualify as career offenders based solely on drug trafficking offenses." U.S. Sent'g Comm'n, Report to the Congress: Career Offender Sentencing Enhancements, at 3 (Aug. 2016), https://www.ussc.gov/sites/ default/files/pdf/news/congressional-testimony-and-reports/criminal-history/20160 7_RtC-Career-Offenders.pdf. The Commission further determined that, because "[d]rug trafficking only career offenders are not meaningfully different from other federal drug trafficking offenders," they "should not categorically be subject to the significant increases in penalties" associated with career offender status. Id. Although Congress did not adopt this recommendation, see USSG § 4B1.1, Hudson argues that because his qualifying federal convictions were both controlled substance offenses, the career offender designation punished him more than the Commission intended—and more than he should have been.

To the extent Hudson relies on the Commission's report,[4] his reliance fails for multiple reasons. First, Hudson did not reference the 2016 report before the district court. We decline to hold "that the sentencing court abused its discretion by failing

---

[4]Hudson's reliance on this report featured most prominently in his argument that the presumption of reasonableness should not apply. Though we need not determine whether the presumption of reasonableness applies here, we address this argument to the extent Hudson suggests the report supports his argument for a downward variance.

to consider an argument that [Hudson] did not raise, particularly where, as here, the court would have been obligated only to consider—not to accept—the argument." See United States v. Embry, 728 F. App'x 544, 548 (6th Cir. 2018). And second, Hudson's reliance on the report is "misplaced" because the report was merely the Commission's unsuccessful "attempt[] to convince Congress to amend the career offender directive to exclude career non-violent drug traffickers" and does not reflect a policy statement or Congressional judgment regarding the provision. See United States v. Reed, 731 F. App'x 540, 543-44 (8th Cir. 2018) (per curiam); see also United States v. Angiolillo, 864 F.3d 30, 36 n.4 (1st Cir. 2017) (labeling the report as "merely a set of recommendations, without any binding effect").

Hudson's broader argument that the district court should have varied downward is equally unavailing. Hudson claims his individual attributes should have been considered more thoroughly because he is not a typical violent offender, but the record shows that the district court considered his individual characteristics—including eight letters of support. In sentencing Hudson, the court was not just concerned with the nature of Hudson's criminal history, but also with his rate of recidivism and the dangerousness of fentanyl. See generally United States v. Maluoth, 121 F.4th 1158, 1165 (8th Cir. 2024) ("A district court has 'wide latitude' to weigh the 18 U.S.C. § 3553(a) sentencing factors and to 'assign some factors greater weight than others.'" (citation omitted)). The district court did not abuse its discretion in determining that Hudson's background, characteristics, and offense merited a 151-month sentence.

For these reasons, we affirm the judgment of the district court.

_____